**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE HONORABLE KEVIN OWEN
MCCARTHY,
in his official capacity as
House Minority Leader and Member of the
United States House of Representatives for
the California 23rd Congressional District
2468 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE CHARLES EUGENE
("CHIP") ROY,
in his official capacity as Member of the
United States House of Representatives for
the Texas 21st Congressional District
1319 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE STEPHEN JOSEPH
("STEVE") SCALISE,
in his official capacity as Minority Whip and
Member of the United States House of
Representatives for the Louisiana
1st Congressional District,
2049 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE ELIZABETH LYNNE
("LIZ") CHENEY,
in her official capacity as House Republican
Conference Chair and Member of the United
States House of Representatives for the
Wyoming Congressional District
416 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE JAMES DANIEL
("JIM") JORDAN,
in his official capacity as Ranking Member of
the House Committee on the Judiciary and
Member of the United States House of
Representatives for the Ohio 4th
Congressional District

Civil Action No. 20-1395-RC

1

2056 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE JAMES MICHAEL
("MIKE") JOHNSON,
in his official capacity as Ranking Member of
the House Subcommittee on the Constitution,
Civil Rights, and Civil Liberties, Chairman of
the Republican Study Committee, and
Member of the United States House of
Representatives for the Louisiana 4th
Congressional District
418 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE THOMAS JEFFREY
("TOM") COLE,
in his official capacity as Ranking Member of
the House Committee on Rules and Member
of the United States House of Representatives
for the Oklahoma 4th Congressional District
2207 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE RODNEY LEE DAVIS,
in his official capacity as Ranking Member of
the House Committee on Administration and
Member of the United States House of
Representatives for the Illinois 13th
Congressional District
1740 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE ANDREW STEVEN
("ANDY") BIGGS,
in his official capacity as Chairman of the
House Freedom Caucus and Member of the
United States House of Representatives for
the Arizona 5th Congressional District
1318 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE RUSSELL MARK
("RUSS") FULCHER,

in his official capacity as Member of the
United States House of Representatives for
the Idaho 1st Congressional District
1520 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE WARREN EARL
DAVIDSON,
in his official capacity as Member of the
United States House of Representatives for
the Ohio 8th Congressional District
1107 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE MICHAEL
JONATHAN CLOUD,
in his official capacity as Member of the
United States House of Representatives for
the Texas 27th Congressional District
1314 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE MARK EDWARD
GREEN,
in his official capacity as Member of the
United States House of Representatives for
the Tennessee 7th Congressional District
533 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE JODY BROWNLOW
HICE,
in his official capacity as Member of the
United States House of Representatives for
the Georgia 10th Congressional District
409 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE DEBRA KAY
("DEBBIE") LESKO,
in her official capacity as Member of the
United States House of Representatives for
the Arizona 8th Congressional District
1113 Longworth House Office Building
Washington, DC 20515,

3

THE HONORABLE ANDREW PETER
("ANDY") HARRIS,
in his official capacity as Member of the
United States House of Representatives for
the Maryland 1st Congressional District
2334 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE JEFFREY DARREN
DUNCAN,
in his official capacity as Member of the
United States House of Representatives for
the South Carolina 3rd Congressional District
2229 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE RONALD JACK
("RON") WRIGHT,
in his official capacity as Member of the
United States House of Representatives for
the Texas 6th Congressional District
428 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE SCOTT GORDON
PERRY,
in his official capacity as Member of the
United States House of Representatives for
the Pennsylvania 10th Congressional District
1207 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE BRADLEY ROBERTS
BYRNE,
in his official capacity as Member of the
United States House of Representatives for
the Alabama 1st Congressional District
119 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE GLEN CLAY
HIGGINS,
in his official capacity as Member of the
United States House of Representatives for
the Louisiana 3rd Congressional District
424 Cannon House Office Building

4

Washington, DC 20515,

~~Lorine Spratt~~
THE HONORABLE MICHAEL CLIFTON BURGESS,
in his official capacity as Member of the United States House of Representatives for the Texas 26th Congressional District
2161 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE THEODORE SCOTT ("TED") YOHO,
in his official capacity as Member of the United States House of Representatives for the Florida 3rd Congressional District
1730 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE HOWARD "MORGAN" GRIFFITH,
in his official capacity as Member of the United States House of Representatives for the Virginia 9th Congressional District
2202 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE LANCE CARTER GOODEN,
in his official capacity as Member of the United States House of Representatives for the Texas 5th Congressional District 425 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE GREGORY FRANCIS ("GREG") MURPHY,
in his official capacity as Member of the United States House of Representatives for the North Carolina 3rd Congressional District
2333 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE NORVELL ("KAY") GRANGER,

in her official capacity as Member of the
United States House of Representatives for
the Texas 12th Congressional District
1026 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE GLENN WILLIAM
("G.T.") THOMPSON JR.,
in his official capacity as Member of the
United States House of Representatives for
the Pennsylvania 15th Congressional District
400 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE EARL LEROY
("BUDDY") CARTER,
in his official capacity as Member of the
United States House of Representatives for
the Georgia 1st Congressional District
2432 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE DOUGLAS LEE
("DOUG") LAMALFA,
in his official capacity as Member of the
United States House of Representatives for
the California 1st Congressional District
322 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE LEE MICHAEL
ZELDIN,
in his official capacity as Member of the
United States House of Representatives for
the New York 1st Congressional District
2441 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE GEORGE EDWARD
BELL HOLDING,
in his official capacity as Member of the
United States House of Representatives for
the North Carolina 2nd Congressional District
1110 Longworth House Office Building
Washington, DC 20515,

6

THE HONORABLE MICHAEL RAY
("MIKE") TURNER,
in his official capacity as Member of the
United States House of Representatives for
the Ohio 10th Congressional District
2082 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE ROBERT JOSEPH
("ROB") WITTMAN,
in his official capacity as Member of the
United States House of Representatives for
the Virginia 1st Congressional District
2055 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE KENNETH MICHAEL
("MIKE") CONAWAY,
in his official capacity as Member of the
United States House of Representatives for
the Texas 11th Congressional District
2469 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE FREDERICK B.
("FRED") KELLER,
in his official capacity as Member of the
United States House of Representatives for
the Pennsylvania 12th Congressional District
1717 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE DAVID S.
SCHWEIKERT,
in his official capacity as Member of the
United States House of Representatives for
the Arizona 6th Congressional District
1526 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM GREGORY
("GREG") STEUBE,
in his official capacity as Member of the
United States House of Representatives for
the Florida 17th Congressional District
521 Cannon House Office Building

Washington, DC 20515,

THE HONORABLE GREGORY JOSEPH
("GREG") PENCE,
in his official capacity as Member of the
United States House of Representatives for
the Indiana 6th Congressional District
222 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE GUY LORIN
RESCHENTHALER,
in his official capacity as Member of the
United States House of Representatives for
the Pennsylvania 14th Congressional District
531 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE MICHAEL DENNIS
("MIKE") ROGERS,
in his official capacity as Member of the
United States House of Representatives for
the Alabama 3rd Congressional District
2184 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE GARY JAMES
PALMER,
in his official capacity as Member of the
United States House of Representatives for
the Alabama 6th Congressional District
207 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE BARRY DEAN
LOUDERMILK,
in his official capacity as Member of the
United States House of Representatives for
the Georgia 11th Congressional District
422 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM LESLIE
("BILL") JOHNSON,

in his official capacity as Member of the
United States House of Representatives for
the Ohio 6th Congressional District
2336 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE THOMAS MILLER
("TOM") MCCLINTOCK,
in his official capacity as Member of the
United States House of Representatives for
the California 4th Congressional District
2312 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE VINCENT ("ROSS")
SPANO,
in his official capacity as Member of the
United States House of Representatives for
the Florida 15th Congressional District
224 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE PAUL COOK,
in his official capacity as Member of the
United States House of Representatives for
the California 8th Congressional District
1027 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE CHRISTOPHER
DOUGLAS ("CHRIS") STEWART,
in his official capacity as Member of the
United States House of Representatives for
the Utah 2nd Congressional District
2242 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE BRAD ROBERT
WENSTRUP,
in his official capacity as Member of the
United States House of Representatives for
the Ohio 2nd Congressional District
2419 Rayburn House Office Building
Washington, DC 20515,

9

THE HONORABLE MICHAEL KEITH
("MIKE") SIMPSON,
in his official capacity as Member of the
United States House of Representatives for
the Idaho 2nd Congressional District
2084 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE ADDISON GRAVES
("JOE") WILSON SR.,
in his official capacity as Member of the
United States House of Representatives for
the South Carolina 2nd Congressional District
1436 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM ("BLAINE")
LUETKEMEYER,
in his official capacity as Member of the
United States House of Representatives for
the Missouri 3rd Congressional District
2230 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE KENNETH STANTON
("KEN") CALVERT,
in his official capacity as Member of the
United States House of Representatives for
the California 42nd Congressional District
2205 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE GARLAND HALE
("ANDY") BARR IV,
in his official capacity as Member of the
United States House of Representatives for
the Kentucky 6th Congressional District
2430 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE TIMOTHY FLOYD
("TIM") BURCHETT,
in his official capacity as Member of the
United States House of Representatives for
the Tennessee 2nd Congressional District
1122 Longworth House Office Building

10

Washington, DC 20515,

THE HONORABLE JOHN ROBERT
MOOLENAAR,
in his official capacity as Member of the
United States House of Representatives for
the Michigan 4th Congressional District
117 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE RALPH WARREN
NORMAN JR.,
in his official capacity as Member of the
United States House of Representatives for
the South Carolina 5th Congressional District
319 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE KEVIN RAY HERN,
in his official capacity as Member of the
United States House of Representatives for
the Oklahoma 1st Congressional District
1019 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE CHARLES JOSEPH
("CHUCK") FLEISCHMANN,
in his official capacity as Member of the
United States House of Representatives for
the Tennessee 3rd Congressional District
2410 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE DEVIN GERALD
NUNES,
in his official capacity as Member of the
United States House of Representatives for
the California 22nd Congressional District
1013 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE BRADLEY ("MARK")
WALKER,
in his official capacity as Member of the
United States House of Representatives for
the North Carolina 6th Congressional District

11

1725 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE LOUIS BULLER
("LOUIE") GOHMERT,
in his official capacity as Member of the
United States House of Representatives for
the Texas 1st Congressional District
2267 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE ROBERT BRIAN
("BOB") GIBBS,
in his official capacity as Member of the
United States House of Representatives for
the Ohio 7th Congressional District
2446 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE TIMOTHY LEE
("TIM") WALBERG,
in his official capacity as Member of the
United States House of Representatives for
the Michigan 7th Congressional District
2266 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE MORRIS JACKSON
("MO") BROOKS,
in his official capacity as Member of the
United States House of Representatives for
the Alabama 5th Congressional District
2246 Rayburn House Office Building
Washington, DC 20515

THE HONORABLE ANN LOUISE
WAGNER,
in her official capacity as Member of the
United States House of Representatives for
the Missouri 2nd Congressional District
2350 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE BRIAN JEFFERY
MAST,

in his official capacity as Member of the
United States House of Representatives for
the Florida 18th Congressional District
2182 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE MARKWAYNE
MULLIN,
in his official capacity as Member of the
United States House of Representatives for
the Oklahoma 2nd Congressional District
2421 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE ROBERT EDWARD
("BOB") LATTA,
in his official capacity as Member of the
United States House of Representatives for
the Ohio 5th Congressional District
2467 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE PETER THOMAS
KING,
in his official capacity as Member of the
United States House of Representatives for
the New York 2nd Congressional District
302 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE ALEXANDER
XAVIER ("ALEX") MOONEY,
in his official capacity as Member of the
United States House of Representatives for
the West Virginia 2nd Congressional District
2440 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE DANIEL ALAN
WEBSTER,
in his official capacity as Member of the
United States House of Representatives for
the Florida 11th Congressional District
1210 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE THEODORE PAUL
("TED") BUDD,
in his official capacity as Member of the
United States House of Representatives for
the North Carolina 13th Congressional
District
118 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE RICHARD WAYNE
("RICK") ALLEN,
in his official capacity as Member of the
United States House of Representatives for
the Georgia 12th Congressional District
2400 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE KENNETH ROBERT
("KEN") BUCK,
in his official capacity as Member of the
United States House of Representatives for
the Colorado 4th Congressional District
2455 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE JAMES EDWARD
("JIM") BANKS,
in his official capacity as Member of the
United States House of Representatives for
the Indiana 3rd Congressional District
1713 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE MICHAEL JOSEPH
("MIKE") BOST,
in his official capacity as Member of the
United States House of Representatives for
the Illinois 12th Congressional District
1440 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE RONALD GENE
("RON") ESTES,
in his official capacity as Member of the
United States House of Representatives for
the Kansas 4th Congressional District

14

1524 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE CATHY ANNE
MCMORRIS RODGERS,
in her official capacity as Member of the
United States House of Representatives for
the Washington 5th Congressional District
1035 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE STEVEN ERNST
("STEVE") STIVERS,
in his official capacity as Member of the
United States House of Representatives for
the Ohio 15th Congressional District
2234 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE DENVER LEE
RIGGLEMAN III,
in his official capacity as Member of the
United States House of Representatives for
the Virginia 5th Congressional District
1022 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE MICHAEL ("MIKE")
GARCIA,
in his official capacity as Member of the
United States House of Representatives for
the California 25th Congressional District
1130 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE STEPHEN ALLEN
("STEVE") WOMACK,
in his official capacity as Member of the
United States House of Representatives for
the Arkansas 3rd Congressional District
2412 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE DARIN MCKAY
LAHOOD,

15

in his official capacity as Member of the
United States House of Representatives for
the Illinois 18th Congressional District
1424 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE JOHN ("TRENT")
KELLY,
in his official capacity as Member of the
United States House of Representatives for
the Mississippi 1st Congressional District
1005 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE RANDALL KEITH
("RANDY") WEBER,
in his official capacity as Member of the
United States House of Representatives for
the Texas 14th Congressional District
107 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE JAMES ("FRENCH")
HILL,
in his official capacity as Member of the
United States House of Representatives for
the Arkansas 2nd Congressional District
1533 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE DOUGLAS ALLEN
("DOUG") COLLINS,
in his official capacity as Member of the
United States House of Representatives for
the Georgia 9th Congressional District
1504 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE KEVIN PATRICK
BRADY,
in his official capacity as Member of the
United States House of Representatives for
the Texas 8th Congressional District
1011 Longworth House Office Building
Washington, DC 20515,

16

THE HONORABLE JAMES DANIEL
("DAN") BISHOP,
in his official capacity as Member of the
United States House of Representatives for
the North Carolina 9th Congressional District
132 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE MICHAEL PATRICK
GUEST,
in his official capacity as Member of the
United States House of Representatives for
the Mississippi 3rd Congressional District
230 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE CAROL DEVINE
MILLER,
in her official capacity as Member of the
United States House of Representatives for
the West Virginia 3rd Congressional District
1605 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE NEAL PATRICK
DUNN,
in his official capacity as Member of the
United States House of Representatives for
the Florida 2nd Congressional District
316 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE DAVID CHESTON
ROUZER,
in his official capacity as Member of the
United States House of Representatives for
the North Carolina 7th Congressional District
2439 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE HAROLD DALLAS
("HAL") ROGERS,
in his official capacity as Member of the
United States House of Representatives for
the Kentucky 5th Congressional District
2406 Rayburn House Office Building

Washington, DC 20515,

THE HONORABLE ROBERT BROWN
ADERHOLT,
in his official capacity as Member of the
United States House of Representatives for
the Alabama 4th Congressional District
1203 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE JAMES ("AUSTIN")
SCOTT,
in his official capacity as Member of the
United States House of Representatives for
the Georgia 8th Congressional District
2417 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE GREGORY RICHARD
("GREG") GIANFORTE,
in his official capacity as Member of the
United States House of Representatives for
the Montana at-large Congressional District
1222 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE DAVID PATRICK
JOYCE,
in his official capacity as Member of the
United States House of Representatives for
the Ohio 14th Congressional District
1124 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE DONALD EDWIN
("DON") YOUNG,
in his official capacity as Member of the
United States House of Representatives for
the Alaska at-large Congressional District
2314 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE JOHN ("ROGER")
WILLIAMS,

18

in his official capacity as Member of the
United States House of Representatives for
the Texas 25th Congressional District
1708 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM PATRICK
("BILL") HUIZENGA,
in his official capacity as Member of the
United States House of Representatives for
the Michigan 2nd Congressional District2232
Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM ("TROY")
BALDERSON,
in his official capacity as Member of the
United States House of Representatives for
the Ohio 12th Congressional District
1221 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE GREGORY PAUL
("GREG") WALDEN,
in his official capacity as Member of the
United States House of Representatives for
the Oregon 2nd Congressional District
2185 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE ROBERT WILLIAM
("ROB") BISHOP,
in his official capacity as Member of the
United States House of Representatives for
the Utah 1st Congressional District
123 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE JOHN WARREN
("JACK") BERGMAN,
in his official capacity as Member of the
United States House of Representatives for
the Michigan 1st Congressional District
414 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM HOSE
("BILL") FLORES SR.,
in his official capacity as Member of the
United States House of Representatives for
the Texas 17th Congressional District
2228 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE STEVEN CHARLES
("STEVE") WATKINS JR.,
in his official capacity as Member of the
United States House of Representatives for
the Kansas 2nd Congressional District
1205 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE SCOTT RANDALL
TIPTON,
in his official capacity as Member of the
United States House of Representatives for
the Colorado 3rd Congressional District
218 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE GEORGE JOSEPH
("MIKE") KELLY,
in his official capacity as Member of the
United States House of Representatives for
the Pennsylvania 16th Congressional District
1707 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE DAVID PHILLIP
("PHIL") ROE,
in his official capacity as Member of the
United States House of Representatives for
the Tennessee 1st Congressional District
102 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE JASON THOMAS
SMITH,
in his official capacity as Member of the
United States House of Representatives for
the Missouri 8th Congressional District
2418 Rayburn House Office Building

20

Washington, DC 20515,

THE HONORABLE PAUL MITCHELL III,
in his official capacity as Member of the
United States House of Representatives for
the Michigan 10th Congressional District
211 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE JENNIFER AYDIN
GONZALEZ-COLON,
in her official capacity as Member of the
United States House of Representatives for
the Puerto Rico at-large Congressional
District
1609 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE ERIC ALAN ("RICK")
CRAWFORD,
in his official capacity as Member of the
United States House of Representatives for
the Arkansas 1st Congressional District 2422
Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE BENJAMIN LEE
("BEN") CLINE,
in his official capacity as Member of the
United States House of Representatives for
the Virginia 6th Congressional District
1009 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE RALPH LEE
ABRAHAM JR.,
in his official capacity as Member of the
United States House of Representatives for
the Louisiana 5th Congressional District
417 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE BRIAN PHILIP
BABIN,

in his official capacity as Member of the
United States House of Representatives for
the Texas 36th Congressional District
2236 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE KELLY MICHAEL
ARMSTRONG,
in his official capacity as Member of the
United States House of Representatives for
the North Dakota at-large Congressional
District
1004 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE JACQUELINE R.
("JACKIE") WALORSKI,
in her official capacity as Member of the
United States House of Representatives for
the Indiana 2nd Congressional District
419 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE STEVEN MCCARTY
PALAZZO,
in his official capacity as Member of the
United States House of Representatives for
the Mississippi 4th Congressional District
2349 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE PAUL ANTHONY
GOSAR,
in his official capacity as Member of the
United States House of Representatives for
the Arizona 4th Congressional District
2057 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM BALLARD
("WILL") HURD,
in his official capacity as Member of the
United States House of Representatives for
the Texas 23rd Congressional District
317 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE STEVEN ARNOLD
("STEVE") KING,
in his official capacity as Member of the
United States House of Representatives for
the Iowa 4th Congressional District
2210 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE VIRGINIA ANN
FOXX,
in her official capacity as Member of the
United States House of Representatives for
the North Carolina 5th Congressional District
2462 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM JOSEPH
("BILL") POSEY,
in his official capacity as Member of the
United States House of Representatives for
the Florida 8th Congressional District
2150 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE SAMUEL BRUCE
("SAM") GRAVES JR.,
in his official capacity as Member of the
United States House of Representatives for
the Missouri 6th Congressional District
1135 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE WILLIAM ROBERT
("ROB") WOODALL III,
in his official capacity as Member of the
United States House of Representatives for
the Georgia 7th Congressional District
1724 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE BRUCE EUGENE
WESTERMAN,
in his official capacity as Member of the
United States House of Representatives for
the Arkansas 4th Congressional District

209 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE THOMAS P. ("TOM")
TIFFANY,
in his official capacity as Member of the
United States House of Representatives for
the Wisconsin 7th Congressional District
1714 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE NICHOLAS VAN
CAMPEN ("VAN") TAYLOR,
in his official capacity as Member of the
United States House of Representatives for
the Texas 3rd Congressional District
1404 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE BRYAN GEORGE
STEIL,
in his official capacity as Member of the
United States House of Representatives for
the Wisconsin 1st Congressional District
1408 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE PETER ALLEN
("PETE") STAUBER,
in his official capacity as Member of the
United States House of Representatives for
the Minnesota 8th Congressional District
126 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE FRANK JAMES
("JIM") SENSENBRENNER JR.,
in his official capacity as Member of the
United States House of Representatives for
the Wisconsin 5th Congressional District
2449 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE JOHN HENRY
RUTHERFORD,

24

in his official capacity as Member of the
United States House of Representatives for
the Florida 4th Congressional District
1711 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE JOHN WILLIAMS
ROSE,
in his official capacity as Member of the
United States House of Representatives for
the Tennessee 6th Congressional District
1232 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE MARTHA KEHRES
ROBY,
in her official capacity as Member of the
United States House of Representatives for
the Alabama 2nd Congressional District
504 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE PETER GRAHAM
("PETE") OLSON,
in his official capacity as Member of the
United States House of Representatives for
the Texas 22nd Congressional District
2133 Rayburn House Office Building
Washington, DC 20515

THE HONORABLE DANIEL MILTON
("DAN") NEWHOUSE,
in his official capacity as Member of the
United States House of Representatives for
the Washington 4th Congressional District
1414 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE DANIEL P. ("DAN")
MEUSER,
in his official capacity as Member of the
United States House of Representatives for
the Pennsylvania 9th Congressional District
326 Cannon House Office Building
Washington, DC 20515,

25

THE HONORABLE ROGER WAYNE
MARSHALL,
in his official capacity as Member of the
United States House of Representatives for
the Kansas 1st Congressional District
312 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE DAVID FRANK
KUSTOFF,
in his official capacity as Member of the
United States House of Representatives for
the Tennessee 8th Congressional District
523 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE JOHN PATRICK
JOYCE,
in his official capacity as Member of the
United States House of Representatives for
the Pennsylvania 13th Congressional District
1337 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE RICHARD LANE
HUDSON,
in his official capacity as Member of the
United States House of Representatives for
the North Carolina 8th Congressional District
2112 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE JOSEPH ALBERT
("TREY") HOLLINGSWORTH III,
in his official capacity as Member of the
United States House of Representatives for
the Indiana 9th Congressional District
1641 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE VICKY JO
HARTZLER,
in her official capacity as Member of the
United States House of Representatives for
the Missouri 4th Congressional District
2235 Rayburn House Office Building

26

Washington, DC 20515,

THE HONORABLE JAMES LEE ("JIM")
HAGEDORN,
in his official capacity as Member of the
United States House of Representatives for
the Minnesota 1st Congressional District
325 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE STEVEN BRETT
GUTHRIE,
in his official capacity as Member of the
United States House of Representatives for
the Kentucky 2nd Congressional District
2434 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE GLENN S.
GROTHMAN,
in his official capacity as Member of the
United States House of Representatives for
the Wisconsin 6th Congressional District
1427 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE GARRET NEAL
GRAVES,
in his official capacity as Member of the
United States House of Representatives for
the Louisiana 6th Congressional District
2402 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE MICHAEL JOHN
("MIKE") GALLAGHER,
in his official capacity as Member of the
United States House of Representatives for
the Wisconsin 8th Congressional District
1230 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE THOMAS EARL
("TOM") EMMER JR.,

in his official capacity as Member of the
United States House of Representatives for
the Minnesota 6th Congressional District
315 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE SCOTT EUGENE
DESJARLAIS,
in his official capacity as Member of the
United States House of Representatives for
the Tennessee 4th Congressional District
2301 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE DANIEL REED
("DAN") CRENSHAW,
in his official capacity as Member of the
United States House of Representatives for
the Texas 2nd Congressional District
412 Cannon House Office Building
Washington, DC 20515,

THE HONORABLE JOHN RICE CARTER,
in his official capacity as Member of the
United States House of Representatives for
the Texas 31st Congressional District
2110 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE LARRY DEAN
BUCSHON,
in his official capacity as Member of the
United States House of Representatives for
the Indiana 8th Congressional District
2313 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE SUSAN LYNN WIANT
BROOKS,
in her official capacity as Member of the
United States House of Representatives for
the Indiana 5th Congressional District
2211 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE GUS MICHAEL
BILIRAKIS,
in his official capacity as Member of the
United States House of Representatives for
the Florida 12th Congressional District
2227 Rayburn House Office Building
Washington, DC 20515,

THE HONORABLE DONALD JOHN
("DON") BACON,
in his official capacity as Member of the
United States House of Representatives for
the Nebraska 2nd Congressional District
1024 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE JODEY COOK
ARRINGTON,
in his official capacity as Member of the
United States House of Representatives for
the Texas 19th Congressional District
1029 Longworth House Office Building
Washington, DC 20515,

LORINE SPRATT
503 E. Wichita St.
Shreveport, LA 71101,

MickieMICKIE J. NilandNILAND
6587 S. Martingale Rd.
Gilbert, ArizonaAZ 85298,

Isabel Albarado ("Bella") Rubio
ISABEL ALBARADO ("BELLA") RUBIO,
P.O. Box 972
Leakey, TX 78873,

JAMES SHIPLEY SWAYZE,
4148.5 County Rd. 16
Saint Petersburg, FL 33709, and

ClaytonCLAYTON D. CampbellCAMPBELL
104 Portales Real
Bakersfield, CA 93309

Plaintiffs,

v.

THE HONORABLE NANCY PELOSI,
in her official capacity as Speaker of the
United States House of Representatives and
Member of the United States House of
Representatives for the California 12th
Congressional District
1236 Longworth House Office Building
Washington, DC 20515,

THE HONORABLE CHERYL L.
JOHNSON,
in her official capacity as Clerk of the United
States House of Representatives
U.S. Capitol
Room H154
Washington, DC 20515, and

THE HONORABLE PAUL D. IRVING,
in his official capacity as Sergeant-at-Arms of
the United States House of Representatives
U.S. Capitol
Room H124
Washington, DC 20515

Defendants.

## AMENDED COMPLAINT

1.      In the 231-year existence of the United States Congress, neither the House of

Representatives nor the Senate has ever permitted a Member to vote by proxy from the floor of

the chamber. Through the Civil War; through the burning of the Capitol during the War of 1812

and the terrorist attack on Washington on 9/11; and through the Yellow Fever Epidemic of 1793

and the Spanish Flu Pandemic of 1918, the Congress of the United States has never before flinched

from its constitutional duty to assemble at the Nation's Capital and conduct the People's business in times of national peril and crisis. So it was for more than two centuries. Until now.

2.     Defying this unbroken record of historical precedent and heedless of every relevant constitutional provision, a majority of the United States House of Representatives voted on May 15, 2020, to adopt House Resolution 965, 116th Congress ("H. Res. 965"), thereby authorizing its Members to vote by proxy. In an instant, and over the objections of 189 Members of the House from both political parties, the 231-year constitutional tradition of in-person assembly, deliberation, and voting among the People's representatives came to an end.

3.     "[S]ometimes the most telling indication of [a] severe constitutional problem . . . is the lack of historical precedent for Congress's action." *NFIB v. Sebelius*, 567 U.S. 519, 549 (2012) (Opinion of Roberts, C.J.) (quotation marks omitted) (second alteration in original); *see also NLRB v. Noel Canning*, 573 U.S. 513, 522–26 (2014). This is one of those times. There is good reason that no Congress has ever done what the House has now purported to do in H. Res. 965: it is flatly prohibited by the Constitution.

4.     It is simply impossible to read the Constitution and overlook its repeated and emphatic requirement that Members of Congress actually assemble in their respective chambers when they vote, whether on matters as weighty as declaring war or as ordinary as naming a bridge. *See* TODD GARVEY, CONG. RES. SERV., LSB10447, CONSTITUTIONAL CONSIDERATIONS OF REMOTE VOTING IN CONGRESS 2 (Apr. 14, 2020) ("The text of the Constitution clearly envisions the House and Senate meeting and voting in person. As noted by the House Rules Committee, various provisions explicitly or implicitly contemplate the physical gathering of Congress."). That requirement is no less mandatory in the midst of a pandemic, *see INS v. Chadha*, 462 U.S. 919, 959 (1983), as the

House's forebears amply demonstrated when facing a far more deadly pandemic a little more than a century ago.

5.      A majority of the House may have voted to ignore what the Constitution demands of it, but this Court may not do the same. Plaintiffs bring this action to preliminarily and permanently enjoin the use of proxy voting in the United States House of Representatives.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the question whether H. Res. 965 violates the United States Constitution is a federal question.

7.      This Court has authority to issue a declaratory judgment, grant injunctive relief, and order other relief that is just and proper pursuant to 28 U.S.C. §§ 1651, 2201, and 2202, and the United States Constitution.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

**PARTIES**

9.      Plaintiff Kevin Owen McCarthy is the House Republican Leader and the Member of the United States House of Representatives for the California 23rd Congressional District. He brings this suit in his official capacity. Plaintiff Members of the House of Representatives are collectively referred to herein as the "Representative Plaintiffs."

10.     Plaintiff Charles Eugene ("Chip") Roy is the Member of the United States House of Representatives for the Texas 21st Congressional District. He brings this suit in his official capacity.

11.     Plaintiff Stephen Joseph ("Steve") Scalise is the House Republican Whip and Member of the United States House of Representatives for the Louisiana 1st Congressional District. He brings this suit in his official capacity.

12.     Plaintiff Elizabeth Lynne ("Liz") Cheney is the House Republican Conference Chair and Member of the United States House of Representatives for the Wyoming Congressional District. She brings this suit in her official capacity.

13.     Plaintiff James Daniel ("Jim") Jordan is the Ranking Member of the House Committee on the Judiciary and Member of the United States House of Representatives for the Ohio 4th Congressional District. He brings this suit in his official capacity.

14.     Plaintiff James Michael ("Mike") Johnson is the Ranking Member of the House Subcommittee on the Constitution, Civil Rights, and Civil Liberties, Chairman of the Republican Study Committee, and Member of the United States House of Representatives for the Louisiana 4th Congressional District. He brings this suit in his official capacity.

15.     Plaintiff Thomas Jeffrey ("Tom") Cole is the Ranking Member of the House Committee on Rules and Member of the United States House of Representatives for the Oklahoma 4th Congressional District. He brings this suit in his official capacity.

16.     Plaintiff Rodney Lee Davis is the Ranking Member of the House Committee on Administration and Member of the United States House of Representatives for the Illinois 13th Congressional District. He brings this suit in his official capacity.

17.     Plaintiff Andrew Steven ("Andy") Biggs is the Chairman of the House Freedom Caucus and Member of the United States House of Representatives for the Arizona 5th Congressional District. He brings this suit in his official capacity.

33

18.     Plaintiff Russell Mark ("Russ") Fulcher is the Member of the United States House of Representatives for the Idaho 1st Congressional District. He brings this suit in his official capacity.

19.     Plaintiff Warren Earl Davidson is the Member of the United States House of Representatives for the Ohio 8th Congressional District. He brings this suit in his official capacity.

20.     Plaintiff Michael Jonathan Cloud is the Member of the United States House of Representatives for the Texas 27th Congressional District. He brings this suit in his official capacity.

21.     Plaintiff Mark Edward Green is the Member of the United States House of Representatives for the Tennessee 7th Congressional District. He brings this suit in his official capacity.

22.     Plaintiff Jody Brownlow Hice is the Member of the United States House of Representatives for the Georgia 10th Congressional District. He brings this suit in his official capacity.

23.     Plaintiff Debra Kay ("Debbie") Lesko is the Member of the United States House of Representatives for the Arizona 8th Congressional District. She brings this suit in her official capacity.

24.     Plaintiff Andrew Peter ("Andy") Harris is the Member of the United States House of Representatives for the Maryland 1st Congressional District. He brings this suit in his official capacity.

25.     Plaintiff Jeffrey Darren Duncan is the Member of the United States House of Representatives for the South Carolina 3rd Congressional District. He brings this suit in his official capacity.

26.     Plaintiff Ronald Jack ("Ron") Wright is the Member of the United States House of Representatives for the Texas 6th Congressional District. He brings this suit in his official capacity.

27.     Plaintiff Scott Gordon Perry is the Member of the United States House of Representatives for the Pennsylvania 10th Congressional District. He brings this suit in his official capacity.

28.     Plaintiff Bradley Roberts Byrne is the Member of the United States House of Representatives for the Alabama 1st Congressional District. He brings this suit in his official capacity.

29.     Plaintiff Glen Clay Higgins is the Member of the United States House of Representatives for the Louisiana 3rd Congressional District. He brings this suit in his official capacity.

30.     Plaintiff Michael Clifton Burgess is the Member of the United States House of Representatives for the Texas 26th Congressional District. He brings this suit in his official capacity.

31.     Plaintiff Theodore Scott ("Ted") Yoho is the Member of the United States House of Representatives for the Florida 3rd Congressional District. He brings this suit in his official capacity.

32.     Plaintiff Howard "Morgan" Griffith is the Member of the United States House of Representatives for the Virginia 9th Congressional District. He brings this suit in his official capacity.

33.     Plaintiff Lance Carter Gooden is the Member of the United States House of Representatives for the Texas 5th Congressional District. He brings this suit in his official capacity.

35

34. Plaintiff Gregory Francis ("Greg") Murphy is the Member of the United States House of Representatives for the North Carolina 3rd Congressional District. He brings this suit in his official capacity.

35. Plaintiff Norvell ("Kay") Granger is the Member of the United States House of Representatives for the Texas 12th Congressional District. She brings this suit in her official capacity.

36. Plaintiff Glenn William ("G.T.") Thompson Jr. is the Member of the United States House of Representatives for the Pennsylvania 15th Congressional District. He brings this suit in his official capacity.

37. Plaintiff Earl Leroy ("Buddy") Carter is the Member of the United States House of Representatives for the Georgia 1st Congressional District. He brings this suit in his official capacity.

38. Plaintiff Douglas Lee ("Doug") LaMalfa is the Member of the United States House of Representatives for the California 1st Congressional District. He brings this suit in his official capacity.

39. Plaintiff Lee Michael Zeldin is the Member of the United States House of Representatives for the New York 1st Congressional District. He brings this suit in his official capacity.

40. Plaintiff George Edward Bell Holding is the Member of the United States House of Representatives for the North Carolina 2nd Congressional District. He brings this suit in his official capacity.

41.     Plaintiff Michael Ray ("Mike") Turner is the Member of the United States House of Representatives for the Ohio 10th Congressional District. He brings this suit in his official capacity.

42.     Plaintiff Robert Joseph ("Rob") Wittman is the Member of the United States House of Representatives for the Virginia 1st Congressional District. He brings this suit in his official capacity.

43.     Plaintiff Kenneth Michael ("Mike") Conaway is the Member of the United States House of Representatives for the Texas 11th Congressional District. He brings this suit in his official capacity.

44.     Plaintiff Frederick B. ("Fred") Keller is the Member of the United States House of Representatives for the Pennsylvania 12th Congressional District. He brings this suit in his official capacity.

45.     Plaintiff David S. Schweikert is the Member of the United States House of Representatives for the Arizona 6th Congressional District. He brings this suit in his official capacity.

46.     Plaintiff William Gregory ("Greg") Steube is the Member of the United States House of Representatives for the Florida 17th Congressional District. He brings this suit in his official capacity.

47.     Plaintiff Gregory Joseph ("Greg") Pence is the Member of the United States House of Representatives for the Indiana 6th Congressional District. He brings this suit in his official capacity.

48.     Plaintiff Guy Lorin Reschenthaler is the Member of the United States House of Representatives for the Pennsylvania 14th Congressional District. He brings this suit in his official capacity.

49.     Plaintiff Michael Dennis ("Mike") Rogers is the Member of the United States House of Representatives for the Alabama 3rd Congressional District. He brings this suit in his official capacity.

50.     Plaintiff Gary James Palmer is the Member of the United States House of Representatives for the Alabama 6th Congressional District. He brings this suit in his official capacity.

51.     Plaintiff Barry Dean Loudermilk is the Member of the United States House of Representatives for the Georgia 11th Congressional District. He brings this suit in his official capacity.

52.     Plaintiff William Leslie ("Bill") Johnson is the Member of the United States House of Representatives for the Ohio 6th Congressional District. He brings this suit in his official capacity.

53.     Plaintiff Thomas Miller ("Tom") McClintock is the Member of the United States House of Representatives for the California 4th Congressional District. He brings this suit in his official capacity.

54.     Plaintiff Vincent ("Ross") Spano is the Member of the United States House of Representatives for the Florida 15th Congressional District. He brings this suit in his official capacity.

55.     Plaintiff Paul Cook is the Member of the United States House of Representatives for the California 8th Congressional District. He brings this suit in his official capacity.

56.     Plaintiff Christopher Douglas ("Chris") Stewart is the Member of the United States House of Representatives for the Utah 2nd Congressional District. He brings this suit in his official capacity.

57.     Plaintiff Brad Robert Wenstrup is the Member of the United States House of Representatives for the Ohio 2nd Congressional District. He brings this suit in his official capacity.

58.     Plaintiff Michael Keith ("Mike") Simpson is the Member of the United States House of Representatives for the Idaho 2nd Congressional District. He brings this suit in his official capacity.

59.     Plaintiff Addison Graves ("Joe") Wilson Sr. is the Member of the United States House of Representatives for the South Carolina 2nd Congressional District. He brings this suit in his official capacity.

60.     Plaintiff William ("Blaine") Luetkemeyer is the Member of the United States House of Representatives for the Missouri 3rd Congressional District. He brings this suit in his official capacity.

61.     Plaintiff Kenneth Stanton ("Ken") Calvert is the Member of the United States House of Representatives for the California 42nd Congressional District. He brings this suit in his official capacity.

62.     Plaintiff Garland Hale ("Andy") Barr IV is the Member of the United States House of Representatives for the Kentucky 6th Congressional District. He brings this suit in his official capacity.

63.     Plaintiff Timothy Floyd ("Tim") Burchett is the Member of the United States House of Representatives for the Tennessee 2nd Congressional District. He brings this suit in his official capacity.

64.     Plaintiff John Robert Moolenaar is the Member of the United States House of Representatives for the Michigan 4th Congressional District. He brings this suit in his official capacity.

65.     Plaintiff Ralph Warren Norman Jr. is the Member of the United States House of Representatives for the South Carolina 5th Congressional District. He brings this suit in his official capacity.

66.     Plaintiff Kevin Ray Hern is the Member of the United States House of Representatives for the Oklahoma 1st Congressional District. He brings this suit in his official capacity.

67.     Plaintiff Charles Joseph ("Chuck") Fleischmann is the Member of the United States House of Representatives for the Tennessee 3rd Congressional District. He brings this suit in his official capacity.

68.     Plaintiff Devin Gerald Nunes is the Member of the United States House of Representatives for the California 22nd Congressional District. He brings this suit in his official capacity.

69.     Plaintiff Bradley ("Mark") Walker is the Member of the United States House of Representatives for the North Carolina 6th Congressional District. He brings this suit in his official capacity.

70.     Plaintiff Louis Buller ("Louie") Gohmert is the Member of the United States House of Representatives for the Texas 1st Congressional District. He brings this suit in his official capacity.

71.     Plaintiff Robert Brian ("Bob") Gibbs is the Member of the United States House of Representatives for the Ohio 7th Congressional District. He brings this suit in his official capacity.

72.     Plaintiff Timothy Lee ("Tim") Walberg is the Member of the United States House of Representatives for the Michigan 7th Congressional District. He brings this suit in his official capacity.

73.     Plaintiff Morris Jackson ("Mo") Brooks is the Member of the United States House of Representatives for the Alabama 5th Congressional District. He brings this suit in his official capacity.

74.     Plaintiff Ann Louise Wagner is the Member of the United States House of Representatives for the Missouri 2nd Congressional District. She brings this suit in her official capacity.

75.     Plaintiff Brian Jeffery Mast is the Member of the United States House of Representatives for the Florida 18th Congressional District. He brings this suit in his official capacity.

76.     Plaintiff Markwayne Mullin is the Member of the United States House of Representatives for the Oklahoma 2nd Congressional District. He brings this suit in his official capacity.

77.     Plaintiff Robert Edward ("Bob") Latta is the Member of the United States House of Representatives for the Ohio 5th Congressional District. He brings this suit in his official capacity.

78.     Plaintiff Peter Thomas King is the Member of the United States House of Representatives for the New York 2nd Congressional District. He brings this suit in his official capacity.

79.     Plaintiff Alexander Xavier ("Alex") Mooney is the Member of the United States House of Representatives for the West Virginia 2nd Congressional District. He brings this suit in his official capacity.

80.     Plaintiff Daniel Alan Webster is the Member of the United States House of Representatives for the Florida 11th Congressional District. He brings this suit in his official capacity.

81.     Plaintiff Theodore Paul ("Ted") Budd is the Member of the United States House of Representatives for the North Carolina 13th Congressional District. He brings this suit in his official capacity.

82.     Plaintiff Richard Wayne ("Rick") Allen is the Member of the United States House of Representatives for the Georgia 12th Congressional District. He brings this suit in his official capacity.

83.     Plaintiff Kenneth Robert ("Ken") Buck is the Member of the United States House of Representatives for the Colorado 4th Congressional District. He brings this suit in his official capacity.

84.     Plaintiff James Edward ("Jim") Banks is the Member of the United States House of Representatives for the Indiana 3rd Congressional District. He brings this suit in his official capacity.

85.     Plaintiff Michael Joseph ("Mike") Bost is the Member of the United States House of Representatives for the Illinois 12th Congressional District. He brings this suit in his official capacity.

86.     Plaintiff Ronald Gene ("Ron") Estes is the Member of the United States House of Representatives for the Kansas 4th Congressional District. He brings this suit in his official capacity.

87.     Plaintiff Cathy Anne McMorris Rodgers is the Member of the United States House of Representatives for the Washington 5th Congressional District. She brings this suit in her official capacity.

88.     Plaintiff Steven Ernst ("Steve") Stivers is the Member of the United States House of Representatives for the Ohio 15th Congressional District. He brings this suit in his official capacity.

89.     Plaintiff Denver Lee Riggleman III is the Member of the United States House of Representatives for the Virginia 5th Congressional District. He brings this suit in his official capacity.

90.     Plaintiff Michael ("Mike") Garcia is the Member of the United States House of Representatives for the California 25th Congressional District. He brings this suit in his official capacity.

91.     Plaintiff Stephen Allen ("Steve") Womack is the Member of the United States House of Representatives for the Arkansas 3rd Congressional District. He brings this suit in his official capacity.

92.     Plaintiff Darin McKay LaHood is the Member of the United States House of Representatives for the Illinois 18th Congressional District. He brings this suit in his official capacity.

93.     Plaintiff John ("Trent") Kelly is the Member of the United States House of Representatives for the Mississippi 1st Congressional District. He brings this suit in his official capacity.

94.     Plaintiff Randall Keith ("Randy") Weber is the Member of the United States House of Representatives for the Texas 14th Congressional District. He brings this suit in his official capacity.

95.     Plaintiff James ("French") Hill is the Member of the United States House of Representatives for the Arkansas 2nd Congressional District. He brings this suit in his official capacity.

96.     Plaintiff Douglas Allen ("Doug") Collins is the Member of the United States House of Representatives for the Georgia 9th Congressional District. He brings this suit in his official capacity.

97.     Plaintiff Kevin Patrick Brady is the Member of the United States House of Representatives for the Texas 8th Congressional District. He brings this suit in his official capacity.

98.     Plaintiff James Daniel ("Dan") Bishop is the Member of the United States House of Representatives for the North Carolina 9th Congressional District. He brings this suit in his official capacity.

99.     Plaintiff Michael Patrick Guest is the Member of the United States House of Representatives for the Mississippi 3rd Congressional District. He brings this suit in his official capacity.

100.    Plaintiff Carol Devine Miller is the Member of the United States House of Representatives for the West Virginia 3rd Congressional District. She brings this suit in her official capacity.

44

101.   Plaintiff Neal Patrick Dunn is the Member of the United States House of Representatives for the Florida 2nd Congressional District. He brings this suit in his official capacity.

102.   Plaintiff David Cheston Rouzer is the Member of the United States House of Representatives for the North Carolina 7th Congressional District. He brings this suit in his official capacity.

103.   Plaintiff Harold Dallas ("Hal") Rogers is the Member of the United States House of Representatives for the Kentucky 5th Congressional District. He brings this suit in his official capacity.

104.   Plaintiff Robert Brown Aderholt is the Member of the United States House of Representatives for the Alabama 4th Congressional District. He brings this suit in his official capacity.

105.   Plaintiff James ("Austin") Scott is the Member of the United States House of Representatives for the Georgia 8th Congressional District. He brings this suit in his official capacity.

106.   Plaintiff Gregory Richard ("Greg") Gianforte is the Member of the United States House of Representatives for the Montana at-large Congressional District. He brings this suit in his official capacity.

107.   Plaintiff David Patrick Joyce is the Member of the United States House of Representatives for the Ohio 14th Congressional District. He brings this suit in his official capacity.

108. Plaintiff Donald Edwin ("Don") Young is the Member of the United States House of Representatives for the Alaska at-large Congressional District. He brings this suit in his official capacity.

109. Plaintiff John ("Roger") Williams is the Member of the United States House of Representatives for the Texas 25th Congressional District. He brings this suit in his official capacity.

110. Plaintiff William Patrick ("Bill") Huizenga is the Member of the United States House of Representatives for the Michigan 2nd Congressional District. He brings this suit in his official capacity.

111. Plaintiff William ("Troy") Balderson is the Member of the United States House of Representatives for the Ohio 12th Congressional District. He brings this suit in his official capacity.

112. Plaintiff Gregory Paul ("Greg") Walden is the Member of the United States House of Representatives for the Oregon 2nd Congressional District. He brings this suit in his official capacity.

113. Plaintiff Robert William ("Rob") Bishop is the Member of the United States House of Representatives for the Utah 1st Congressional District. He brings this suit in his official capacity.

114. Plaintiff John Warren ("Jack") Bergman is the Member of the United States House of Representatives for the Michigan 1st Congressional District. He brings this suit in his official capacity.

115.    Plaintiff William Hose ("Bill") Flores Sr. is the Member of the United States House of Representatives for the Texas 17th Congressional District. He brings this suit in his official capacity.

116.    Plaintiff Steven Charles ("Steve") Watkins Jr. is the Member of the United States House of Representatives for the Kansas 2nd Congressional District. He brings this suit in his official capacity.

117.    Plaintiff Scott Randall Tipton is the Member of the United States House of Representatives for the Colorado 3rd Congressional District. He brings this suit in his official capacity.

118.    Plaintiff George Joseph ("Mike") Kelly is the Member of the United States House of Representatives for the Pennsylvania 16th Congressional District. He brings this suit in his official capacity.

119.    Plaintiff David Phillip ("Phil") Roe is the Member of the United States House of Representatives for the Tennessee 1st Congressional District. He brings this suit in his official capacity.

120.    Plaintiff Jason Thomas Smith is the Member of the United States House of Representatives for the Missouri 8th Congressional District. He brings this suit in his official capacity.

121.    Plaintiff Paul Mitchell III is the Member of the United States House of Representatives for the Michigan 10th Congressional District. He brings this suit in his official capacity.

122.    Plaintiff Jenniffer Aydin Gonzalez-Colon is the Member of the United States House of Representatives for the Puerto Rico at-large Congressional District. She brings this suit in her official capacity.

123.    Plaintiff Eric Alan ("Rick") Crawford is the Member of the United States House of Representatives for the Arkansas 1st Congressional District. He brings this suit in his official capacity.

124.    Plaintiff Benjamin Lee ("Ben") Cline is the Member of the United States House of Representatives for the Virginia 6th Congressional District. He brings this suit in his official capacity.

125.    Plaintiff Ralph Lee Abraham Jr. is the Member of the United States House of Representatives for the Louisiana 5th Congressional District. He brings this suit in his official capacity.

126.    Plaintiff Brian Philip Babin is the Member of the United States House of Representatives for the Texas 36th Congressional District. He brings this suit in his official capacity.

127.    Plaintiff Kelly Michael Armstrong is the Member of the United States House of Representatives for the North Dakota at-large Congressional District. He brings this suit in his official capacity.

128.    Plaintiff Jacqueline R. ("Jackie") Walorski is the Member of the United States House of Representatives for the Indiana 2nd Congressional District. She brings this suit in her official capacity.

48

129.    Plaintiff Steven McCarty Palazzo is the Member of the United States House of Representatives for the Mississippi 4th Congressional District. He brings this suit in his official capacity.

130.    Plaintiff Paul Anthony Gosar is the Member of the United States House of Representatives for the Arizona 4th Congressional District. He brings this suit in his official capacity.

131.    Plaintiff William Ballard ("Will") Hurd is the Member of the United States House of Representatives for the Texas 23rd Congressional District. He brings this suit in his official capacity.

132.    Plaintiff Steven Arnold ("Steve") King is the Member of the United States House of Representatives for the Iowa 4th Congressional District. He brings this suit in his official capacity.

133.    Plaintiff Virginia Ann Foxx is the Member of the United States House of Representatives for the North Carolina 5th Congressional District. She brings this suit in her official capacity.

134.    Plaintiff William Joseph ("Bill") Posey is the Member of the United States House of Representatives for the Florida 8th Congressional District. He brings this suit in his official capacity.

135.    Plaintiff Samuel Bruce ("Sam") Graves Jr. is the Member of the United States House of Representatives for the Missouri 6th Congressional District. He brings this suit in his official capacity.

136.    Plaintiff William Robert ("Rob") Woodall III is the Member of the United States House of Representatives for the Georgia 7th Congressional District. He brings this suit in his official capacity.

137.    Plaintiff Bruce Eugene Westerman is the Member of the United States House of Representatives for the Arkansas 4th Congressional District. He brings this suit in his official capacity.

138.    Plaintiff Thomas P. ("Tom") Tiffany is the Member of the United States House of Representatives for the Wisconsin 7th Congressional District. He brings this suit in his official capacity.

139.    Plaintiff Nicholas Van Campen ("Van") Taylor is the Member of the United States House of Representatives for the Texas 3rd Congressional District. He brings this suit in his official capacity.

140.    Plaintiff Bryan George Steil is the Member of the United States House of Representatives for the Wisconsin 1st Congressional District. He brings this suit in his official capacity.

141.    Plaintiff Peter Allen ("Pete") Stauber is the Member of the United States House of Representatives for the Minnesota 8th Congressional District. He brings this suit in his official capacity.

142.    Plaintiff Frank James ("Jim") Sensenbrenner Jr. is the Member of the United States House of Representatives for the Wisconsin 5th Congressional District. He brings this suit in his official capacity.

143.    Plaintiff John Henry Rutherford is the Member of the United States House of Representatives for the Florida 4th Congressional District. He brings this suit in his official capacity.

144.    Plaintiff John Williams Rose is the Member of the United States House of Representatives for the Tennessee 6th Congressional District. He brings this suit in his official capacity.

145.    Plaintiff Martha Kehres Roby is the Member of the United States House of Representatives for the Alabama 2nd Congressional District. She brings this suit in her official capacity.

146.    Plaintiff Peter Graham ("Pete") Olson is the Member of the United States House of Representatives for the Texas 22nd Congressional District. He brings this suit in his official capacity.

147.    Plaintiff Daniel Milton ("Dan") Newhouse is the Member of the United States House of Representatives for the Washington 4th Congressional District. He brings this suit in his official capacity.

148.    Plaintiff Daniel P. ("Dan") Meuser is the Member of the United States House of Representatives for the Pennsylvania 9th Congressional District. He brings this suit in his official capacity.

149.    Plaintiff Roger Wayne Marshall is the Member of the United States House of Representatives for the Kansas 1st Congressional District. He brings this suit in his official capacity.

150.    Plaintiff David Frank Kustoff is the Member of the United States House of Representatives for the Tennessee 8th Congressional District. He brings this suit in his official capacity.

151.    Plaintiff John Patrick Joyce is the Member of the United States House of Representatives for the Pennsylvania 13th Congressional District. He brings this suit in his official capacity.

152.    Plaintiff Richard Lane Hudson is the Member of the United States House of Representatives for the North Carolina 8th Congressional District. He brings this suit in his official capacity.

153.    Plaintiff Joseph Albert ("Trey") Hollingsworth III is the Member of the United States House of Representatives for the Indian 9th Congressional District. He brings this suit in his official capacity.

154.    Plaintiff Vicky Jo Hartzler is the Member of the United States House of Representatives for the Missouri 4th Congressional District. She brings this suit in her official capacity.

155.    Plaintiff James Lee ("Jim") Hagedorn is the Member of the United States House of Representatives for the Minnesota 1st Congressional District. He brings this suit in his official capacity.

156.    Plaintiff Steven Brett Guthrie is the Member of the United States House of Representatives for the Kentucky 2nd Congressional District. He brings this suit in his official capacity.

157.    Plaintiff Glenn S. Grothman is the Member of the United States House of Representatives for the Wisconsin 6th Congressional District. He brings this suit in his official capacity.

158.    Plaintiff Garret Neal Graves is the Member of the United States House of Representatives for the Louisiana 6th Congressional District. He brings this suit in his official capacity.

159.    Plaintiff Michael John ("Mike") Gallagher is the Member of the United States House of Representatives for the Wisconsin 8th Congressional District. He brings this suit in his official capacity.

160.    Plaintiff Thomas Earl ("Tom") Emmer Jr. is the Member of the United States House of Representatives for the Minnesota 6th Congressional District. He brings this suit in his official capacity.

161.    Plaintiff Scott Eugene DesJarlais is the Member of the United States House of Representatives for the Tennessee 4th Congressional District. He brings this suit in his official capacity.

162.    Plaintiff Daniel Reed ("Dan") Crenshaw is the Member of the United States House of Representatives for the Texas 2nd Congressional District. He brings this suit in his official capacity.

163.    Plaintiff John Rice Carter is the Member of the United States House of Representatives for the Texas 31st Congressional District. He brings this suit in his official capacity.

164.   Plaintiff Larry Dean Bucshon is the Member of the United States House of Representatives for the Indiana 8th Congressional District. He brings this suit in his official capacity.

165.   Plaintiff Susan Lynn Wiant Brooks is the Member of the United States House of Representatives for the Indiana 5th Congressional District. She brings this suit in her official capacity.

166.   Plaintiff Gus Michael Bilirakis is the Member of the United States House of Representatives for the Florida 12th Congressional District. He brings this suit in his official capacity.

167.   Plaintiff Donald John ("Don") Bacon is the Member of the United States House of Representatives for the Nebraska 2nd Congressional District. He brings this suit in his official capacity.

168.   Plaintiff Jodey Cook Arrington is the Member of the United States House of Representatives for the Texas 19th Congressional District. He brings this suit in his official capacity.

30.169.   Plaintiff Lorine Spratt is a constituent of Representative Mike Johnson (LA-04) and voted for Representative Johnson in the 2018 general election. Plaintiff constituents are collectively referred to herein as the "Constituent Plaintiffs."

31.170.   Plaintiff Mickie J. Niland is a constituent of Representative Andy Biggs (AZ-05) and voted for Representative Biggs in the 2018 general election.

171.   Isabel Albarado ("Bella") Rubio is a constituent of Representative Chip Roy (TX-21) and voted for Representative Roy in the 2018 general election.

32.172.	Plaintiff James Shipley Swayze is a constituent of Representative Charlie Crist (FL-13) and voted in the 2018 congressional election.

33.173.	Plaintiff Clayton D. Campbell is a constituent of Republican Leader Kevin McCarthy (CA-23) and voted for Leader McCarthy in the 2018 general election.

34.174.	Defendant Nancy Pelosi is the Speaker of the United States House of Representatives and Member of the United States House of Representatives for the California 12th Congressional District. As Speaker of the House, she is authorized by H. Res. 965 to determine whether, after receiving notification from the Sergeant-at-Arms "that a public health emergency due to a novel coronavirus is in effect," to designate a period "during which a Member who is designated by another Member as a proxy in accordance with section 2 may cast the vote of such other Member or record the presence of such other Member in the House." H. Res. 965 § 1(a). She is also authorized to extend the period of proxy voting after receiving a further notification from the Sergeant-at-Arms. *See id.* § 1(b)(2). She is sued in her official capacity.

35.175.	Defendant Cheryl L. Johnson is the Clerk of the United States House of Representatives. As the Clerk of the House, Ms. Johnson is generally responsible for "conduct[ing] a record vote or quorum call." RULES OF THE HOUSE OF REPRESENTATIVES, ONE HUNDRED SIXTEENTH CONGRESS Rule XX(2)(a) (2019) (hereinafter "House Rule"). After a record vote or quorum call is conducted, "the Clerk shall enter on the Journal and publish in the Congressional Record, in alphabetical order in each category, the names of Members recorded as voting in the affirmative, the names of Members recorded as voting in the negative, and the names of Members answering present." *Id.* Ms. Johnson has several responsibilities under H. Res. 965, including receiving letters from Members of the House designating a proxy and maintaining and publicizing

an updated list of designated proxies. *See generally* H. Res. 965 § 2. Ms. Johnson is sued in her official capacity.

36. 176.     Defendant Paul L. Irving is the Sergeant-at-Arms of the United States House of Representatives. Under H. Res. 965, the Speaker of the House or her designee may authorize proxy voting for a 45-day period only after Mr. Irving, as the Sergeant-at-Arms, notifies the Speaker or her designee "that a public health emergency due to a novel coronavirus is in effect." H. Res. 965 § 1(a). In addition, the Speaker or her designee is authorized to extend the proxy-voting period for an additional 45 days, but only "[i]f, during a covered period, the Speaker or the Speaker's designee receives further notification from the Sergeant-at-Arms . . . that the public health emergency due to a novel coronavirus remains in effect." *Id.* § 1(b)(2). Mr. Irving is sued in his official capacity.

## FACTUAL ALLEGATIONS

37. 177.     On January 9, 2019, the United States House of Representatives voted to adopt the Rules of the One Hundred Sixteenth Congress. *See* H. Res. 6, 116th Cong. (2019) (enacted).

38. 178.     Rule III(2) of the House Rules, first enacted in 1981, states:

(a) A Member may not authorize any other person to cast the vote of such Member or record the presence of such Member in the House or the Committee of the Whole House on the state of the Union.

(b) No other person may cast a Member's vote or record a Member's presence in the House or the Committee of the Whole House on the state of the Union.

39. 179.     House Rule III(2) was not a historical aberration: "House rules have *never* authorized proxy voting on the floor" of the House. CHRISTOPHER M. DAVIS, CONG. RES. SERV., IN11372, THE PRIOR PRACTICE OF PROXY VOTING IN HOUSE COMMITTEE 1 (May 1, 2020) (emphasis added). Indeed, "proxy voting has never been permissible on the floor of *either* house."

Adrian Vermeule, *The Constitutional Law of Congressional Procedure*, 71 U. CHI. L. REV. 361, 407 (2004) (emphasis added).

40 180.    At least as early as December 2019, "a novel (new) coronavirus known as SARS-CoV-2 . . . was first detected in Wuhan, Hubei Province, People's Republic of China, causing outbreaks of the coronavirus disease COVID-19 that has now spread globally." PRESIDENT DONALD J. TRUMP, PROCLAMATION ON DECLARING A NATIONAL EMERGENCY CONCERNING THE NOVEL CORONAVIRUS DISEASE (COVID-19) OUTBREAK (Mar. 13, 2020), https://bit.ly/2y6VrPt.

41 181.    In March 2020, Defendant Pelosi requested a report from James McGovern, the Chairman of the Committee on Rules, "concerning Member voting during the COVID-19 pandemic." Hon. James P. McGovern, *Dear Colleague: Report Examining Voting Options During the COVID-19 Pandemic*, COMMITTEE ON RULES (Mar. 23, 2020), https://bit.ly/2Z7NnJu.

42 182.    The subsequent report, compiled by the staff of the Democratic majority on the Rules Committee, observed that "[d]uring the 1918 Influenza Pandemic, the House did not adopt a method of remote voting—e.g. by telegraph or correspondence." U.S. HOUSE OF REPRESENTATIVES COMMITTEE ON RULES, OFFICE OF THE MAJORITY, MAJORITY STAFF REPORT EXAMINING VOTING OPTIONS DURING THE COVID-19 PANDEMIC 2 (Mar. 23, 2020), https://bit.ly/2Z57GY2.

43 183.    The report catalogued various options for continuing the business of the House notwithstanding the ongoing pandemic and opined that "[b]y far the best option is to use the existing House rules and current practices." *Id.* For example, during the 1918 Spanish Flu Pandemic, the House "utilized a unanimous consent agreement to pass critical legislation despite not having a physical quorum present, recognizing the importance of conducting business in the

chamber at a time of national crisis." *Id.* These methods "are longstanding practices that have stood

the test of time." *Id.*

44. 184.         When unanimous consent or voice votes would not be possible, the report

noted, the House could accommodate Members on recorded votes "by holding votes open longer

than normal and having Members vote in shifts, sanitizing voting stations between uses, and

controlling how many people are in the chamber and their proximity to each other." *Id.* at 3.

45. 185.         The report then considered options that would involve changing the House

Rules, noting that "[r]emote voting—in addition to facing logistical and security challenges—is

untested constitutionally and there is no precedent for its use in Congress." *Id.* at 4.

46. 186.         According to the report, proxy voting, whereby "an absent Member gives a

present Member their proxy to cast an actual vote for them, for a prescribed period of time," "could

raise some of the same constitutional questions as remote voting—namely, whether a Member

must be physically present in the chamber to vote." *Id.* at 5. Indeed, Section 1 of H. Res. 965

describes proxy voting as "Remote Voting By Proxy."

47. 187.         The report acknowledged that "proxy voting on the Floor would be

unprecedented." *Id.* at 5 n.4.

48. 188.         The House recessed on March 13, 2020 (with a brief return for purposes of

voting on pandemic-related legislation later in March), so it did not immediately consider any

resolutions relating to voting during the pandemic. The House returned from recess on May 15 12.

49. 189.         On May 13, Rules Committee Chairman McGovern introduced H. Res. 965.

50. 190.         Section1 Section 1(a) of H. Res. 965 authorizes, for the first time in

American history, proxy voting on the floor of the House:

> Notwithstanding rule III, at any time after the Speaker or the Speaker's designee is
> notified by the Sergeant-at-Arms, in consultation with the Attending Physician, that

a public health emergency due to a novel coronavirus is in effect, the Speaker or the Speaker's designee, in consultation with the Minority Leader or the Minority Leader's designee, may designate a period (hereafter in this resolution referred to as a ''covered period'') during which a Member who is designated by another Member as a proxy in accordance with section 2 may cast the vote of such other Member or record the presence of such other Member in the House.

51. 191.     Section 1(b)(1) states that, "[e]xcept as provided in paragraphs (2) and (3), a covered period shall terminate 45 days after the Speaker or the Speaker's designee designates such period."

52. 192.     Section 1(b)(2) gives the Speaker or her designee the option to extend the proxy-voting period:

If, during a covered period, the Speaker or the Speaker's designee receives further notification from the Sergeant-at-Arms, in consultation with the Attending Physician, that the public health emergency due to a novel coronavirus remains in effect, the Speaker or the Speaker's designee, in consultation with the Minority Leader or the Minority Leader's designee, may extend the covered period for an additional 45 days.

53. 193.     Section 1(b)(3) allows the Speaker or her designee to terminate the proxy-voting period early if the Sergeant-at-Arms notifies her that "the public health emergency due to a novel coronavirus is no longer in effect."

54. 194.     Section 2(a)(1) of H. Res. 965 describes the process by which a Member of the House may designate a proxy once the Speaker or her designee authorizes proxy voting: "In order for a Member to designate another Member as a proxy for purposes of section 1, the Member shall submit to the Clerk a signed letter (which may be in electronic form) specifying by name the Member who is designated for such purposes."

55. 195.     A Member may alter or revoke his or her proxy by submitting another signed letter to the Clerk. *See* H. Res. 965 § 2(a)(2)(A).

56 196.     Under Section 2(a)(2)(B), "[i]f during a covered period, a Member who has designated another Member as a proxy under this section casts the Member's own vote or records the Member's own presence in the House, the Member shall be considered to have revoked the designation of any proxy under this subsection with respect to such covered period."

57 197.     The Clerk "shall notify the Speaker, the [M]ajority [L]eader, the Minority Leader, and the other Member or Members involved of the designation, alteration, or revocation" "[u]pon receipt of a letter submitted by a Member pursuant to" Section 2. H. Res. 965 § 2(a)(3).

58 198.     Section 2(a)(4) of H. Res. 965 sets a limit on the number of Members who may be represented by a single proxy: "A Member may not be designated as a proxy under this section for more than 10 Members concurrently."

59 199.     Under Section 2(b) of H. Res. 965, the Clerk is required to "maintain an updated list of the designations, alterations, and revocations submitted or in effect under subsection (a), and shall make such list publicly available in electronic form and available during any vote conducted pursuant to section 3."

60 200.     Section 3 of H. Res. 965, in turn, describes the process by which proxy votes will be recorded.

61 201.     Section 3(a)(2) requires that a Member who is voting by proxy for another Member do so using ballot cards, "indicating on the ballot card 'by proxy.'"

62 202.     Section 3(b) relates to the quorum requirement. Under that provision, "[a]ny Member whose vote is cast or whose presence is recorded by a designated proxy under this resolution shall be counted for the purpose of establishing a quorum under the rules of the House."

63 203.      Finally, Section 3(c) relates to providing instructions to a proxy:

INSTRUCTIONS FROM MEMBER AUTHORIZING PROXY.—

(1) RECEIVING INSTRUCTIONS.—Prior to casting the vote or recording the presence of another Member as a designated proxy under this resolution, the Member shall obtain an exact instruction from the other Member with respect to such vote or quorum call, in accordance with the regulations referred to in section 6.

(2) ANNOUNCING INSTRUCTIONS.—Immediately prior to casting the vote or recording the presence of another Member as a designated proxy under this resolution, the Member shall seek recognition from the Chair to announce the intended vote or recorded presence pursuant to the exact instruction received from the other Member under paragraph (1).

(3) FOLLOWING INSTRUCTIONS.—A Member casting the vote or recording the presence of another Member as a designated proxy under this resolution shall cast such vote or record such presence pursuant to the exact instruction received from the other Member under paragraph (1).

64 204.      Section 4 of H. Res. 965 relates to remote participation and voting in House committees and is not at issue in this lawsuit.

65 205.      Similarly, Section 5 of H. Res. 965 relates to future remote voting via technology, such as the internet. This provision is also not at issue in this case.

66 206.      On May 14, 2020, the Rules Committee reported H. Res. 965 to the full House.

67 207.      On May 15, 2020, the House voted to adopt H. Res. 965 by a vote of 217 to 189. This unprecedented change in House rules occurred on a highly partisan basis, with no Member of the minority party voting in favor of the resolution and three Members of the majority party (plus one independent) voting against it.

68 208.      Shortly thereafter, in accordance with Section 1(a) of H. Res. 965, Defendant Irving notified the Speaker "that a public health emergency due to a novel coronavirus is in effect," H. Res. 965 § 1(a), and on May 20, 2020, the Speaker authorized proxy voting on the

61

floor of the House for a period of 45 days, *see* Press Release, Dear Colleague to All Members
Announcing Remote Voting 'Covered Period' Due to Coronavirus Public Health Emergency (May
20, 2020~~)~~). https://bit.ly/2ZuEmdQ.

~~69.~~209.   As of the date of this filing, ~~55~~74 Members of Congress have sent letters to
Defendant Johnson purporting to give their vote to another Member of Congress.

     a.   On May 20, 2020, Defendant Johnson received letters from Representative
~~("Rep.")~~ Andy Levin (MI-09), purporting to give his vote by proxy to
Rep. Jamie Raskin (MD-08); from Rep. Steve Cohen (TN-09), purporting
to give his vote to Rep. Don Beyer (~~MD~~VA-08); and Rep. Filemon Vela
(TX-34), purporting to give his vote to Rep. Ruben Gallego (AZ-07).

     b.   On May 21, 2020, Defendant Johnson received letters from Rep. Alan
Lowenthal (CA-47), purporting to give his vote to Rep. Don Beyer (VA-
08); Rep. Kurt Schrader (OR-05), purporting to give his vote to Rep. Tom
O'Halleran (AZ-01); Rep. Gil Cisneros (CA-39), purporting to give his vote
to Rep. Christina Houlahan (PA-06); Rep. Bonnie Watson Coleman (NJ-
12), purporting to give her vote to Rep. Frank Pallone (NJ-06); and Rep.
Eddie Bernice Johnson (TX-30), purporting to give her vote to Rep.
Hakeem Jeffries (NY-08).

     c.   On May 22, 2020, Defendant Johnson received letters from Rep. Mark
Pocan (WI-02), purporting to give his vote to Rep. Jamie Raskin (MD-08);
Rep. Ted Deutch (FL-22), purporting to give his vote to Rep. Kathleen Rice
(NY-04); Rep. Bennie Thompson (MS-02), purporting to give his vote to
Marcia Fudge (OH-11); Rep. Marc Veasey (TX-33), purporting to give his

vote to Rep. Don Beyer (VA-08); Rep. Ro Khanna (CA-17), purporting to give his vote to Rep. Brad Sherman (CA-30); Rep. Pramila Jayapal (WA-07), purporting to give her vote to Rep. Jamie Raskin (MD-08); Rep. Jared Huffman (CA-02), purporting to give his vote to Rep. Dan Kildee (MI-05); Rep. Vincente Gonzalez (TX-15), purporting to give his vote to Rep. Henry Cueller (TX-28); Rep. Lois Frankel (FL-21), purporting to give her vote to Rep. Anne McLane (NH-02); and Rep. Bill Foster, (IL-11), purporting to give his vote to Rep. Don Beyer (VA-08).

d. On May 23, 2020, Defendant Johnson received a letter from Rep. Paul D. Tonko (NY-20), purporting to give his vote to Rep. Grace Meng (NY-06);

e. On May 26, 2020, ~~before the filing of this complaint,~~ Defendant Johnson ~~had~~ received letters from Rep. Nanette Diaz Barragan (CA-44), purporting to give her vote to Rep. Ruben Gallego (AZ-07); Rep. Karen Bass (CA-37), purporting to give her vote to Rep. David Cicilline (RI-01); Rep. Ami Bera (CA-07), purporting to give her vote to Rep. Pete Aguilar (CA-31); Rep. Suzanne Bonamici (OR-01), purporting to give her vote to Rep. Jamie Raskin (MD-08); Rep. <u>Julia Brownley (CA-26), purporting to give her vote to Rep. Ann McLane Kuster (NH-02); Rep.</u> Judy Chu (CA-27), purporting to give her vote to Rep. Mark Takano (CA-41); Rep. Tony Cardenas (CA-29), purporting to give his vote to Rep. Linda T. Sanchez (CA-38); Rep. ~~Mark DeSaulnier~~<u>Susan A. Davis</u> (CA-~~11~~<u>53</u>), purporting to give ~~his~~<u>her</u> vote to Rep. ~~Doris O. Matsui (CA-06~~<u>Susan Wild (PA-07</u>); Rep. Lloyd Doggett (TX-35), purporting to give his vote to Rep. Jamie Raskin (MD-08); Rep.

Veronica Escobar (TX-16), purporting to give her vote to Rep. Sylvia Garcia (TX-29); Rep. John Garamendi (CA-03), purporting to give his vote to Rep. Brad Sherman (CA-30); Rep. Raul M. Grijalva (AZ-03), purporting to give his vote to Rep. Lacy Clay (MO-01); Rep. Josh Harder (CA-10), purporting to give his vote to Rep. Debra Haaland (NM-01); Rep. Denny Heck (WA-10), purporting to give his vote to Rep. Derek Kilmer (WA-06); Rep. Ann Kirkpatrick (AZ-02), purporting to give her vote to Rep. Greg Stanton (AZ-09); Rep. Brenda L. Lawrence (MI-12), purporting to give her vote to Rep. Daniel Kildee (MI-05); Rep. Al Lawson (FL-05), purporting to give his vote to Rep. Dwight Evans (PA-03); Rep. Mike Levin (CA-49), purporting to give his vote to Rep. Dan Kildee (MI-05); Rep. John Lewis (GA-05), purporting to give his vote to Rep. Daniel T. Kildee (MI-05); Rep. Ted W. Lieu (CA-33), purporting to give his vote to Rep. Don Beyer (VA-08); Rep. Daniel W. Lipinski (IL-03), purporting to give his vote to Rep. Jim Cooper (TN-05); Rep. Zoe Lofgren (CA-19), purporting to give her vote to Rep. Brendan F. Boyle (PA-02); Rep. Nita M. Lowey (NY-17), purporting to give her vote to Rep. Grace Meng (NY-06); Rep. Carolyn B. Maloney (NY-12), purporting to give her vote to Rep. Max Rose (NY-11); Rep. A. Donald McEachin (VA-04), purporting to give his vote to Rep. Jennifer Wexton (VA-10); Rep. Jerry McNerney (CA-09), purporting to give his vote to Rep. Jamie Raskin (MD-08); Rep. Gwen Moore (WI-04), purporting to give her vote to Rep. Don Beyer (VA-08); Rep. Grace F. Napolitano (CA-32), purporting to give her vote to Rep. J. Luis Correa (CA-

46); Rep. Scott Peters (CA-52), purporting to give his vote to Rep. Kathleen Rice (NY-04); Rep. Chellie Pingree (ME-01), purporting to give her vote to Rep. Ann McLane Kuster (NH-02); Rep. Katie Porter (CA-45), purporting to give her vote to Rep. Jennifer Wexton (VA-10); Rep. David Price (NC-04), purporting to give his vote to Rep. George Kenneth Butterfield (NC-01); Rep. Lucille Roybal-Allard (CA-40), purporting to give her vote to Rep. Linda T. Sanchez (CA-38); Rep. Raul Ruiz (CA-36), purporting to give his vote to Rep. Pete Aguilar (CA-31); Rep. Bobby L. Rush (IL-01), purporting to give his vote to Rep. Lauren Underwood (IL-14); Rep. Bradley S. Schneider (IL-10), purporting to give his vote to Rep. Chrissy Houlahan (PA-06); Rep. Jose E. Serrano (NY-15), purporting to give his vote to Rep. Grace Meng (NY-06); Rep. Darren Soto (FL-09), purporting to give his vote to Rep. Debbie Wasserman Schultz (FL-23); Rep. Jackie Speier (CA-14), purporting to give her vote to Rep. Mary Gay Scanlon (PA-05); Rep. Rashida Tlaib (MI-13), purporting to give her vote to Rep. Debbie Dingell (MI-12); Rep. Juan Vargas (CA-51), purporting to give his vote to Rep. William Keating (MA-09); Rep. Peter Welch (VT At-Large), purporting to give his vote to Rep. James P. McGovern (MA-02); and Rep. Frederica S. Wilson (FL-24), purporting to give her vote to Rep. Jahana Hayes (CT-05).Rep.

f.     On May 27, 2020, Defendant Johnson received letters from Rep. Earl Blumenauer (OR-03), purporting to give his vote to Rep. Don Beyer (VA-08); Rep. Charlie Crist (FL-13), purporting to give his vote to Rep.

Stephanie Murphy (FL-07); Rep. Mark DeSaulnier (CA-11), purporting to give his vote to Rep. Doris O. Matsui (CA-06); Rep. Anna G. Eshoo (CA-18), purporting to give her vote to Rep. Mike Thompson (CA-05); Rep. Alcee L. Hastings (FL-20), purporting to give his vote to Rep. Debbie Wasserman Schultz (FL-23); Rep. Steven Horsford (NV-04), purporting to give his vote to Rep. Dan Kildee (MI-05); Rep. Debbie Mucarsel-Powell (FL-26), purporting to give her vote to Rep. Debbie Wasserman Schultz (FL-23); Rep. Donald M. Payne, Jr. (NJ-10), purporting to give his vote to Rep. Debbie Wasserman Schultz (FL-23); and Rep. Kim Schrier (WA-08), purporting to give her vote to Rep. Derek Kilmer (WA-06).

g.      On May 28, 2020, Defendant Johnson received letters from Rep. Ann Kirkpatrick (AZ-02), revoking her previous letter and purporting to give her vote to Rep. Ruben Gallego (AZ-07); Rep. Raja Krishnamoorthi (IL-08), purporting to give his vote to Rep. Anthony G. Brown (MD-04); Rep. Jerrold Nadler (NY-10), purporting to give his vote to Rep. Eliot Engel (NY-16); Rep. Thomas R. Suozzi (NY-03), purporting to give his vote to Rep. Jimmy Panetta (CA-20); and Rep. Lori Trahan (MA-03), purporting to give her vote to Rep. James McGovern (MA-02).

210.   The proxy votes of most, if not all, of the Representatives described in the preceding Paragraph have, in fact, been cast with respect to legislation on the floor of the House. Julie Brownley (CA-26), purporting to give her vote to Rep. Ann McLane Kuster (NH-02); Rep. Ted W. Lieu (CA-33), purporting to give his vote to Rep. Don Beyer (VA-08); Rep. Zoe Lofgren (CA-19), purporting to give her vote to Rep. Brendan F. Boyle (PA-02); Rep. Carolyn B. Maloney (NY-

**Formatted:** Indent: Left:  0", First line:  0.5"

~~12), purporting to give her vote to Rep. Max Rose (NY-11); Rep. A. Donald McEachin (VA-04), purporting to give his vote to Rep. Jennifer Wexton (VA-10); Rep. Jerry McNerney (CA-09), purporting to give his vote to Rep. Jamie Raskin (MD-08); Rep. Lucille Roybal-Allard (CA-40), purporting to give her vote to Rep. Linda T. Sanchez (CA-38); Rep. Darren Soto (FL-09), purporting to give his vote to Rep. Debbie Wasserman Schultz (FL-23); and Rep. Frederica S. Wilson (FL-24), purporting to give her vote to Rep. Jahana Hayes (CT-05).~~

~~70.~~211.    Representative Plaintiffs have vowed to refuse to vote by proxy or to serve as a proxy for any other Member of the House.

212.    On May 27 and 28, the House voted on multiple pieces of legislation, and Members of Congress purported to cast proxy votes on behalf of other Members. *See, e.g.*, 166 CONG. REC. H2285, D444–446 (daily ed. May 27, 2020) (Daily Digest for the Senate and House of Representatives), https://bit.ly/3gyaR0I; OFFICE OF THE CLERK OF THE UNITED STATES HOUSE OF REPRESENTATIVES, FINAL VOTE RESULTS FOR ROLL CALL 110 (May 27, 2020), https://bit.ly/2B3FhaG.

## CONSTITUTIONAL FRAMEWORK

**A.    The Constitution's Text**

~~71.~~213.    Using unambiguous words like "meeting," "assemble," "attendance," "present," "absent," "recess," "sitting," and "seat," the Constitution clearly requires Members of Congress to be actually present in the House or Senate chamber to be counted as part of the quorum necessary for either House to do business and to cast their votes from the floor. Other words that appear throughout the Constitution, such as "adjourn" "preside," and "quorum," likewise bespeak, especially when viewed in context, the Framers' understanding of the House of Representatives and the Senate as *deliberative bodies*, where the People's representatives would gather together,

67

face to face, to debate and address the issues of the day. Numerous provisions embody this understanding.

214.    Article I, Section 1 states: "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." This provision not only vests nondelegable legislative power—including voting on legislation— in Members of the House of Representatives, it also suggests the kind of legislative assembly the Founders had in mind. "Congress," as Samuel Johnson's seminal dictionary shows, was defined at the Founding as "[a] meeting," 1 SAMUEL JOHNSON, A DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 1773) (emphasis added), https://bit.ly/3dKdZnY, and "To Meet" was "[t]o encounter; to close *face to face*," 2 SAMUEL JOHNSON, A DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 1773), https://bit.ly/2zGh89J. Even the name given by the Framers to the Legislative Branch thus speaks to the Constitution's expectation that America's national legislature would deliberate in person.

72.215.    Article I, Section 2, Clause 3 states: "Enumeration shall be made within three Years after *the first Meeting* of the Congress of the United States, and within every subsequent Term of ten Years, in such Manner as they shall by Law direct." (emphasis added). As Samuel Johnson's seminal dictionary stated, "To Meet" means "[t]o encounter; to close *face to face*." 2 SAMUEL JOHNSON, A DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 1773), https://bit.ly/2zGh89J. So, too, Noah Webster's important dictionary defined "meet" as "[t]o come together, approaching in opposite or different directions; *to come face to face*; as, to meet a man in the road." 2 NOAH WEBSTER, AN AMERICAN DICTIONARY OF THE ENGLISH LANGUAGE (1828), https://bit.ly/364GREE.

73.216.    Article I, Section 3, Clause 2 states: "Immediately after they *shall be assembled* in Consequence of the first Election, they shall be divided as equally as may be into

three Classes." (emphasis added). At the Founding, just as today, "To Assemble" meant "[t]o bring

together *into one place*," 1 ~~SAMUEL~~ JOHNSON, ~~A DICTIONARY OF THE ENGLISH LANGUAGE (4th ed.~~

~~1773) (emphasis added), https://bit.ly/3dKdZnY~~ *supra*, and "Assembled" meant "[c]ollected into

a body; congregated," 1 ~~NOAH~~ WEBSTER, ~~AN AMERICAN DICTIONARY OF THE ENGLISH LANGUAGE~~

~~(1828), https://bit.ly/3cCDTd2~~ *supra*.

~~74.~~ 217.     Article I, Section 3, Clause 6 states: "The Senate shall have the sole Power

to try all Impeachments. When *sitting* for that Purpose, they shall be on Oath or Affirmation. When

the President of the United States is tried, the Chief Justice shall *preside*: And no Person shall be

convicted without the Concurrence of two thirds *of the Members present*." (emphases added).

"Present," at the Founding, just as today, meant "[n]ot absent; *face to face*; being at hand," 2

JOHNSON, *supra* (emphasis added); *see also* 2 WEBSTER, *supra* ("Being before the face or near;

being in company.")

~~75.~~ 218.     Article I, Section 4, Clause 2 (later amended by the Twentieth Amendment)

states: "The Congress *shall assemble* at least once in every Year, and *such Meeting* shall be on the

first Monday in December, unless they shall by Law appoint a different day." (emphases added).

~~76.~~ 219.     Article I, Section 5, Clause 1 states: "Each House shall be the Judge of the

Elections, Returns and Qualifications of its own Members, and *a Majority of each shall constitute*

*a Quorum to do Business*; but a smaller Number may *adjourn* from day to day, and may be

authorized *to compel the Attendance of absent Members*, in such Manner, and under such Penalties

as each House may provide." (emphases added). As used in this context, "To Attend" is "[t]o be

present with, upon a summons." 1 JOHNSON, *supra*; *see also* 1 WEBSTER, *supra* (similar). And

recall that to be "present" is to be "face to face." *See supra*. There would have been no need for

the Constitution to authorize Congress to compel its absent Members to meet face to face unless

69

the "Majority" required for a "Quorum to do Business" meant that a majority of the Members of each house must be *actually in the chamber*.

77.  220.    Article I, Section 5, Clause 3 states: "Each House shall keep a Journal of its Proceedings, and from time to time publish the same, excepting such Parts as may in their Judgment require Secrecy; and the Yeas and Nays of the Members of either House on any question shall, at the Desire of one fifth *of those Present*, be entered on the Journal." (emphasis added).

78.  221.    Article I, Section 5, Clause 4 states: "Neither House, during the Session of Congress, shall, without the Consent of the other, *adjourn* for more than three days*, nor to any other Place* than that in which the two Houses *shall be sitting*." (emphases added).

79.  222.    Article I, Section 6, Clause 1 states: "The Senators and Representatives . . . shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest *during their Attendance* at the Session of their respective Houses, *and in going to and returning from the same*; and for any Speech or Debate in either House, they shall not be questioned *in any other Place*." (emphases added).

80.  223.    Article I, Section 7, Clause 2 states: "But *in all such Cases the Votes of both Houses shall be determined by yeas and Nays*, and the Names of the Persons voting for and against the Bill shall be entered on the Journal of each House respectively." (emphasis added).

81.  224.    Article I, Section 7, Clause 2 also states: "If any Bill shall not be returned by the President within ten Days (Sundays excepted) after it shall have been presented to him, the Same shall be a Law, in like Manner as if he had signed it, unless the *Congress by their Adjournment prevent its Return*, in which Case it shall not be a Law." (emphasis added).

82.  225.    Article I, Section 8, Clause 17 states, in relevant part: "The Congress shall have Power . . . To exercise exclusive Legislation in all Cases whatsoever, over such District (not

exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become *the Seat of the Government of the United States . . . .*" (emphasis added).

~~83.~~ 226.      Article II, Section 1, Clause 3 states: "The President of the Senate shall, *in the Presence of the Senate and House of Representatives*, open all the Certificates, and the Votes shall then be counted." (emphasis added).

~~84.~~ 227.      Article II, Section 1, Clause 3 also states: "and if there be more than one who have such Majority, and have an equal Number of Votes, then the House of Representatives shall immediately *chuse by Ballot* one of them for President[.]" (emphasis added). A "Ballot," at the Founding, was "[a] little bail or ticket used in giving votes, being put privately into a box or urn." 1 JOHNSON, *supra*; *see also* 1 WEBSTER, *supra*.

~~85.~~ 228.      Article II, Section 1, Clause 3 also states:

A *quorum* for this Purpose shall consist of a Member or Members from two thirds of the States, and a Majority of all the States shall be necessary to a Choice. In every Case, after the Choice of the President, the Person having the greatest Number of Votes of the Electors shall be the Vice President. But if there should remain two or more who have equal Votes, the Senate shall chuse from them *by Ballot* the Vice President.

(emphases added).

~~86.~~ 229.      Article II, Section 2, Clause 2 states, in relevant part: "[The President] shall have Power, by and with the Advice and Consent of the Senate, to make Treaties, provided two thirds *of the Senators present* concur[.]" (emphasis added).

~~87.~~ 230.      Article II, Section 2, Clause 3 states: "The President shall have Power to fill up all Vacancies that may happen during the *Recess* of the Senate, by granting Commissions which shall expire at the End of their next Session." (emphasis added). At the Founding, just as today, "recess" meant "[r]etirement; retreat; withdrawing; secession," or "[d]eparture." 2 JOHNSON, *supra*; *see also* 2 WEBSTER, *supra* ("[a] withdrawing or retiring; a moving back;" "[d]eparture").

88 231.      Article II, Section 3 states, in relevant part: "[The President] may, on extraordinary Occasions, *convene* both Houses, or either of them, and in Case of Disagreement between them, with Respect to the Time of Adjournment, he may *adjourn* them to such Time as he shall think proper[.]" (emphases added). At the Founding, just as today, "to convene" was synonymous with "to assemble," *see* 1 JOHNSON, *supra*; *see also* 1 WEBSTER, *supra*, which, as noted above, meant "[t]o bring together *in one place*," 1 JOHNSON, *supra* (emphasis added).

89 232.      The Twelfth Amendment, ratified in 1804, states: "

The Electors . . . shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of votes for each, which lists they shall sign and certify, and *transmit sealed to the seat of the government of the United States*, directed to the President of the Senate; -- the President of the Senate shall, *in the presence of the Senate and House of Representatives*, open all the certificates and the votes shall then be counted[.]

(emphases added).

90 233.      The Twelfth Amendment also states:

The person having the greatest number of votes for President, shall be the President, if such number be a majority of the whole number of Electors appointed; and if no person have such majority, then from the persons having the highest numbers not exceeding three on the list of those voted for as President, the House of Representatives shall choose immediately, *by ballot*, the President. But in choosing the President, the votes shall be taken by states, the representation from each state having one vote; a *quorum* for this purpose shall consist of a member or members from two-thirds of the states, and a majority of all the states shall be necessary to a choice.

(emphases added).

91 234.      The Twelfth Amendment also states:

The person having the greatest number of votes as Vice-President, shall be the Vice-President, if such number be a majority of the whole number of Electors appointed, and if no person have a majority, then from the two highest numbers on the list, the Senate shall choose the Vice-President; a *quorum* for the purpose shall consist of two-thirds of the whole number of Senators, and a majority of the whole number shall be necessary to a choice.

(emphasis added).

72

92 235.        The Twentieth Amendment, Section 2, ratified in 1933, states: "The

Congress *shall assemble* at least once in every year, and such *meeting* shall begin at noon on the

3d day of January, unless they shall by law appoint a different day." (emphases added).

93 236.        The Twenty-Third Amendment, ratified in 1961, states: "The District

constituting *the seat of Government of the United States* shall appoint in such manner as the

Congress may direct . . . ." (emphasis added).

94 237.        The Twenty-Fifth Amendment, Section 4, Clause 2, ratified in 1967, states:

> Thereupon Congress shall decide the issue, *assembling* within forty-eight hours for
> that purpose *if not in session*. If the Congress, within twenty-one days after receipt
> of the latter written declaration, or, if Congress *is not in session*, within twenty-one
> days after Congress *is required to assemble*, determines by two-thirds vote of both
> Houses that the President is unable to discharge the powers and duties of his office,
> the Vice President shall continue to discharge the same as Acting President;
> otherwise, the President shall resume the powers and duties of his office.

(emphases added).

95 238.        All of these provisions clearly contemplate the actual gathering together of

representatives as a deliberative body. Thus, as the Supreme Court has held, to constitute a

"Quorum" necessary to "do Business," the Constitution requires "the *presence* of a majority, and

when that majority are *present* the power of the house arises." *United States v. Ballin*, 144 U.S. 1,

6 (1892) (emphases added).

96 239.        The Constitution does *not*, however, dictate the method by which the

presence of a quorum shall be *proven*. For that reason, it has long been the "universal practice"

and "customary law of [legislative] bodies" that "the presence of a quorum having been ascertained

and recorded at the beginning of a session, that record stands unless and until the point of no

quorum is raised." *Christoffel v. United States*, 338 U.S. 84, 92 (1949) (Jackson, J., dissenting);

*see also id.* at 87 n.3 (majority opinion). This is why legislative business may proceed by

unanimous consent without a quorum call.

97.240.     As noted above, because the House has not yet adopted and implemented an internet-based remote-voting system, such a system is not at issue in this case.

98.241.     And while the Constitution also empowers each House to "determine the Rules of its Proceedings," it has always been clear that a House of Congress "may not by its rules ignore constitutional restraints or violate fundamental rights." *Id.* at 5. No one would deny, to take an extreme example, that it would be unconstitutional for the House to establish a rule permitting only male Members to vote.

99.242.     By contrast, the Constitution nowhere mentions congressional *committees* or imposes any quorum or voting requirements on them. This is why, for example, territorial delegates have been permitted to vote in congressional committees since the First Congress. *See Michel v. Anderson*, 14 F.3d 623, 630–32 (D.C. Cir. 1994).

100.243.     Nor does the Constitution anywhere require that the President or Members of the Judiciary exercise their authority in a particular place. There is therefore no reason to doubt the constitutionality of remote voting by Members of the Supreme Court, for instance, or to question the common practice (even before the COVID-19 pandemic) of federal judges convening telephonic hearings.

101.244.     But in light of the foregoing provisions, there can be no serious dispute that the Constitution *does* require Members of Congress—Senators *and* Representatives—to assemble *in person* if they are to be counted as present toward the Quorum Requirement contained in Article I, Section 5 or if they are to cast a vote from the floor of either House.

**B.     The Constitutional History**

102.245.     The COVID-19 pandemic is not the first deadly epidemic to confront Congress. Indeed, less than two years after ratification of the Bill of Rights, the Third Congress

74

was faced with the Yellow Fever Epidemic that wiped out *nearly ten percent* of the population of

the City of Philadelphia, which was then the seat of the Federal Government.

103.246.    The epidemic appeared in August of 1793, and by year's end, roughly 5,000

people had died out of a total population of only 55,000. *See* J.M. POWELL, BRING OUT YOUR

DEAD: THE GREAT PLAGUE OF YELLOW FEVER IN PHILADELPHIA IN 1793 vi, 242–47, 282 (1949).

104.247.    In response to the crisis, some Members advocated relocating Congress, but

it was acknowledged that "Congress would have to meet within the legal limits of Philadelphia if

only in some open field for just long enough to select another place." JAMES THOMAS FLEXNER,

GEORGE WASHINGTON: ANGUISH AND FAREWELL (1793-1799) 97 (1972). And, of course, the

notion of relocating Congress presupposed that Congress would, in fact, have to meet in person.

105.248.    In the end, however, the House convened in Philadelphia on December 2,

"being the day appointed for the annual meeting of Congress," "[a]nd, a quorum, consisting of a

majority of the whole number, being present," proceeded to conduct the business of government,

remaining in session, and in the city, through June 9 of the following year. *See* House Journal 1793

at 3-4.

106.249.    In the immediate aftermath of the Yellow Fever Epidemic the Third

Congress—clearly aware of the constitutional requirement that it convene *in person* to conduct the

People's business—enacted a law calling not for proxy voting, but for the *relocation* of Congress

if a deadly epidemic should again ravage the seat of government:

> Whenever Congress is about to convene, and from the prevalence of contagious
> sickness, or the existence of other circumstances, it would, in the opinion of the
> President, be hazardous to the lives or health of the members to meet at the seat of
> Government, the President is authorized, by proclamation, to convene Congress at
> such other place as he may judge proper.

2 U.S.C. § 27; *see also* Acts of the Third Congress of the United States, Sess. I, Ch. 17 (April 3, 1794). This Founding-Era action of Congress provides compelling—if not decisive—confirmation of what the constitutional text clearly requires: Congress must conduct its business in person.

~~107.~~250.     Nor has contagious disease been the only threat that Congress has faced when assembling in person. War, too, has come to the footsteps of the Capitol. On September 19, 1814, less than one month after British troops had reduced all but one of the capital city's major public buildings to rubble, the Thirteenth Congress convened in special session at Blodgett's "Great Hotel." Harold H. Burton and Thomas E. Waggaman, *The Story of the Place: Where First and A Streets Formerly Met at What Is Now the Site of the Supreme Court Building*, 51/52 RECORDS OF THE COLUMBIA HISTORICAL SOCIETY 138, 141–42 (1951/1952). Two days later, the House of Representatives rejected a proposal to remove the seat of government from the District by a vote of 83 to 54. *Id.* at 142. The House remained in temporary quarters throughout the Thirteenth, Fourteenth, and Fifteenth Congresses. *Id.* But the Members continued to assemble and to meet in person, even though the capital city lay in ruins.

~~108.~~251.     The same was true during the Civil War, when the seat of government itself was often at risk from attack by Confederate forces. Despite that risk, on April 15, 1861, just three days after the first shots were fired at Fort Sumter, Abraham Lincoln exercised his constitutional authority to summon the "Senators and Representatives . . . to assemble at their respective Chambers, at 12 O'Clock, noon on Thursday, the fourth day of July next, then and there to consider and determine such measures as, in their wisdom, the public safety and interest may seem to demand." ABRAHAM LINCOLN, PROCLAMATION (Apr. 15, 1861), https://bit.ly/3ecYGUV.

~~109.~~252.     And the Members assembled in the Capitol, even though they arrived to find hundreds of soldiers quartered there in the Spring of 1861. They met, even after beds had been

set up in the Rotunda, in Statuary Hall, and in the corridors of the Capitol to treat wounded Union soldiers from First Bull Run. They met, even as Union soldiers stood sentry at every door. And they continued to meet throughout the war, even as 655,000 Americans lost their lives on battlefields surrounding the seat of government, in Virginia, Maryland, and Pennsylvania. The war that cleaved the Union did not prevent the Members of Congress from assembling at the seat of government.

110 253.       Contagion came to the Capitol again early in the next century, as the 1918 Spanish Flu Pandemic spread throughout the world, killing over 50 million people. The death toll in the United States reached 675,000 people, at a time when the country's population barely exceeded 100 million. On October 7, 1918, acknowledging that "an epidemic of alarming proportions is prevailing throughout the country," Representative Henry Rainey asked and obtained unanimous consent "to close the galleries of this House until further action shall be taken by the House." 56 Cong. Rec. 11164 (Oct. 7, 1918). On October 11, Congressman Foster reported that there had been 72 deaths and 1,700 new cases in Washington in the last 24 hours, and that "we probably have not reached the crest of the epidemic." 56 Cong. Rec. 11200 (Oct. 11, 1918). Five days later, on October 16, the full force of the flu hit the House as Representative Jacob Meeker succumbed to the virus. 56 Cong. Rec. 11321 (Oct. 17, 1918).

111 254.       That same month, the Members entered into a "gentlemen's agreement" in light of the upcoming election in November whereby they would continue to do House business through unanimous consent. 56 Cong. Rec. 11480 (Oct. 26, 1918). And they had already resolved to reassemble when the new Congress convened on the first Monday of December. 56 Cong. Rec. 11380 (Oct. 19, 1918) (inquiring whether a bill would "have the same status when we convene here in December, *with a quorum*, as it has now?" (emphasis added)).

77

~~112.~~255.      The House continued to meet in Washington during the Sixty-Fifth Congress, as more Members fell ill with Spanish Flu, some fatally. *See* 57 Cong. Rec. 3533 (Feb. 16, 1919); WILLIAM P. BORLAND, MEMORIAL ADDRESSES 11 (Mar. 2, 1919), https://bit.ly/2Xrwh6G; *see also* History, *Sick Days*, WHEREAS: STORIES FROM THE PEOPLE'S HOUSE (Dec. 17, 2018), https://bit.ly/2A0iP1U. Thus, even in the depth of a pandemic that was orders of magnitude worse than today's COVID-19 crisis, the Members continued to meet and to conduct the business of the House.

~~113.~~256.      Finally, of course, there was that day in September 2001, when terrorists bent on decapitating the American Government crashed a passenger aircraft into the Pentagon, only minutes before the South Tower of the World Trade Center collapsed from an earlier attack. Shortly thereafter, heroic passengers aboard United 93 crashed a plane inbound for the capital into a field in Pennsylvania, sparing Washington another direct hit on the American Government. The North Tower of the World Trade Center would collapse minutes later, and by the time the smoke cleared from that horrible day, nearly 3,000 people lay dead. Yet Congress assembled, refusing to bow to the threat of another terrorist attack and determined to strike back against America's enemies. In the years following the 9/11 tragedy, Congress considered many scenarios to address the continuity of Congress, notably with the expedited election to the House of Members in extraordinary circumstances. It did not, however, seriously consider or adopt proxy voting. *See, e.g.*, R. ERIC PETERSEN AND SULA P. RICHARDSON, CONG. RES. SERV., RL32958, CONTINUITY OF CONGRESS: ENACTED AND PROPOSED FEDERAL STATUTES FOR EXPEDITED ELECTION TO THE HOUSE IN EXTRAORDINARY CIRCUMSTANCES (Aug. 9, 2005), https://bit.ly/2ZyToyU.

~~114.~~257.      In sum, over the course of 231 years, Congress has assembled at the seat of government while war raged in the surrounding environs and deadly contagion spread throughout

the country. Yet neither House of Congress has *ever* authorized voting from the floor by mail, telegraph, or proxy, nor even considered, it appears, such a procedure. The unbroken American tradition of in-person assembly and voting in Congress confirms the unambiguous text of the Constitution: proxy voting by Members of the House of Representatives is unconstitutional.

**THE INJURY TO PLAINTIFFS**

~~115.~~258.      Because the Constitution requires a Member to be actually present to count toward the quorum requirement, it follows that proxies cannot be counted toward a quorum, yet H. Res. 965 allows *a single physically present Member* of the House to be counted up to *11 times* toward a quorum.

~~116.~~259.      In the same way, because the Constitution requires a Member of the House to be actually present to vote from the floor, it follows that proxy votes have no constitutional validity, yet H. Res. 965 allows *a single physically present Member* of the House to vote up to *11 times* on legislation.

~~117.~~260.      The inescapable mathematical result of H. Res 965 is the dilution of voting power of those Members who have not been given (or, like the Representative Plaintiffs, refuse to accept) proxies. *See Michel*, 14 F.3d at 625. Injury to Representative Plaintiffs by this dilution of their voting power based on the use of the proxy system established by H. Res. 965 is certain, imminent, and impending. Indeed, because ~~55~~74 Members have already given their proxies to other Members, Representative Plaintiffs' voting power has *already* been diluted. For example, Leader McCarthy's vote currently counts for 1 vote, while Representative Raskin's vote currently counts for 7 votes.

~~118.~~261.      By diluting the voting power of Representative Plaintiffs and other similarly situated Members of the House, H. Res. 965 also dilutes the voting power of individual voters in

79

those Members' congressional districts. *Id.* at 626. When a Member of Congress present on the floor votes 11 times on a piece of legislation (once for the Member and 10 times by proxy for absent Members) and a Representative Plaintiff votes once on the same piece of legislation, the strength of a vote in the Representative Plaintiff's district is severely diluted—and diluted with mathematical precision. Injury to Constituent Plaintiffs by this dilution of their voting power based on the use of the proxy system established by H. Res. 965 is certain, imminent, and impending. Indeed, because 55·74 Members have already given their proxies to other Members, Constituent Plaintiffs' voting power has *already* been diluted.

262.    The voting power of Members of the House of Representatives ultimately belongs to their constituents, who delegate that power to specific individuals whom they elect to represent them in Congress. By electing Representative Crist to represent the people of the Thirteenth Congressional District of Florida, the voters of that district delegated to Representative Crist their power to be heard in Congress through Representative Crist's votes on the floor of the House. That power cannot be assigned, or further delegated, by Representative Crist. By delegating the power to cast his vote in the House on behalf of his constituents to Representative Murphy, Representative Crist has purported to exercise a power that he was not given by the voters of his district and that he does not otherwise have. This directly and personally injures Plaintiff Swayze, a voter in the 2018 congressional election and one of Representative Crist's constituents, just as it would injure Plaintiff Swayze if Representative Crist purported to assign or delegate Plaintiff Swayze's power to sign contracts, own property, or make other personal decisions.

119·263.    Moreover, because any legislation enacted pursuant to H. Res. 965 would be subject to constitutional attack (if not be doomed to constitutional invalidity), both Representative Plaintiffs and Constituent Plaintiffs may be harmed by the uncertainty and potential

invalidity of legislation enacted under H. Res. 965, and they have an interest in the speedy resolution of the constitutionality of H. Res. 965.

### COUNT 1: VIOLATION OF THE QUORUM REQUIREMENT OF ARTICLE I, SECTION 5 OF THE U.S. CONSTITUTION

~~120~~264.       Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs.

~~121~~265.       Article I, Section 5, Clause 1 states: "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members, and *a Majority of each shall constitute a Quorum to do Business*; but a smaller Number may adjourn from day to day, and may be authorized *to compel the Attendance of absent Members*, in such Manner, and under such Penalties as each House may provide." (emphases added).

~~122~~266.       Article I, Section 5, Clause 1 requires that a majority of the Members of either House of Congress be *actually present* in order for there to be a "Quorum to do Business." Absent a majority of actually present Members, the House is forbidden by the Constitution to vote on legislation or to conduct any other "Business."

~~123~~267.       This reading of Article I, Section 5, Clause 1 is confirmed by numerous provisions throughout the Constitution, as discussed above in Paragraphs ~~71–101~~213–44.

~~124~~268.       This reading of Article I, Section 5, Clause 1 is also confirmed by 231 years of consistent historical precedent, as discussed above in Paragraphs ~~102–114~~245–57. Never before has either House of Congress purported to authorize a quorum by proxy and/or proxy voting by Members on legislation and similar matters, even in times of national crisis and grave danger to the safety of the assembled Members.

125.269.   H. Res. 965 authorizes the House to satisfy the Quorum Requirement and to conduct business with less than a majority of Members actually present. Indeed, under H. Res. 965, *only 20 Members of the House* need be actually present to constitute a quorum.

126.270.   By authorizing proxy voting and counting absent Members toward establishing a quorum, H. Res. 965 violates the Quorum Requirement of Article I, Section of the United States Constitution and is invalid.

### COUNT II: VIOLATION OF THE YEAS AND NAYS REQUIREMENT OF ARTICLE I, SECTION 5 OF THE U.S. CONSTITUTION

127.271.   Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs.

128.272.   Article I, Section 5, Clause 3 states: "Each House shall keep a Journal of its Proceedings, and from time to time publish the same, excepting such Parts as may in their Judgment require Secrecy; *and the Yeas and Nays* of the Members of either House on any question shall, at the Desire of one fifth *of those Present*, be entered on the Journal." (emphases added).

129.273.   Article I, Section 5, Clause 3 requires that recorded votes of either House of Congress be cast by Members who are *actually present* in the chamber.

130.274.   This reading of Article I, Section 5, Clause 3 is confirmed by numerous provisions throughout the Constitution, as discussed above in Paragraphs 71–101213–44.

131.275.   This reading of Article I, Section 5, Clause 3 is also confirmed by 231 years of consistent historical precedent, as discussed above in Paragraphs 102–114245–57. Never before has either House of Congress purported to authorize a quorum by proxy and/or proxy voting by Members on legislation and similar matters, even in times of national crisis and grave danger to the safety of the assembled Members.

82

132.276.     H. Res. 965 authorizes Members of the House to cast their votes in a recorded vote via proxy, without being actually present in the House chamber.

133.277.     By authorizing proxy voting on legislation and similar matters, H. Res. 965 violates the Yeas and Nays Requirement of Article I, Section 5, Clause 3 of the United States Constitution and is invalid.

**COUNT III: VIOLATION OF THE NONDELEGATION DOCTRINE OF ARTICLE I, SECTION 1 OF THE U.S. CONSTITUTION**

278.     Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs.

279.     Article I, Section I of the Constitution states: "All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives."

280.     Because legislative power is vested in the Congress by we the People, the People's decision to vest that power through the election to Congress of a particular person may not be assigned or further delegated by the elected representative to some *other* person or body. *See Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 42 (1825) ("a delegation of legislative authority" is a decision that Congress "has not the power to make").

281.     "[A] legislator's vote is the commitment of his apportioned share of the legislature's power to the passage or defeat of a particular proposal." *Nevada Comm'n on Ethics v. Carrigan*, 564 U.S. 117, 125–26 (2011).

282.     Members of Congress have no authority to assign or delegate to another person their legislative power of voting on the floor of the House and Senate.

283.     By authorizing proxy voting, H. Res. 965 purports to allow Members of Congress to delegate their nondelegable legislative power of voting on the floor.

284. By authorizing proxy voting on legislation and similar matters, H. Res. 965 violates the Vesting Clause of Article I, Section 1 of the United States Constitution and is invalid.

**COUNT IV: VIOLATION OF THE STRUCTURE OF THE U.S. CONSTITUTION**

134.285. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs.

135.286. The Constitution, in the numerous provisions discussed above, makes clear that Members of Congress must be *actually present* to count toward the Quorum Requirement or to be able to cast their votes from the floor.

136.287. By authorizing proxy voting and counting absent Members toward establishing a quorum, H. Res. 965 contravenes the Founders' design, subverts the structure of the United States Constitution, and is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter an order and judgment:

a. Declaring H. Res. 965 unconstitutional in violation of the Quorum Requirement, the Yeas and Nays Requirement, and the general structure of the United States Constitution;

b. Preliminarily and permanently enjoining Defendants from carrying out any of their responsibilities under H. Res. 965, including:

   i) Enjoining Defendant Pelosi, under Sections 1(a) or 1(b)(2) of H. Res. 965, from designating or extending a period during which a Member who is designated by another Member as a proxy in accordance with section 2 may cast the vote of such other Member or record the presence of such other Member in the House;

ii)    Enjoining Defendant Pelosi from designating any other person to perform the functions of the Speaker of the House under H. Res. 965;

iii)    Enjoining Defendant Johnson from accepting from Members of the House any written communication in whatever form purporting to designate another Member of the House as a proxy for purposes of Section 1 of H. Res. 965;

iv)    Enjoining Defendant Johnson from notifying the Speaker, the Majority Leader, the Minority Leader, or any other Member of the House of the Clerk's receipt of a letter submitted pursuant to Section 2(a)(1)–(2) of H. Res. 965;

v)    Enjoining Defendant Johnson from maintaining an updated list of the proxy designations, alterations, and revocations submitted pursuant to Section 2(a) of H. Res. 965 or from making such list public or available during any vote of the House;

vi)    Enjoining Defendant Irving from notifying the Speaker or the Speaker's designee that a public health emergency due to a novel coronavirus is in effect or remains in effect, which is prerequisite to the authorization or extension of proxy voting by the Speaker or the Speaker's designee;

c.    Enjoining Defendant Johnson from counting for purposes of establishing a quorum to do business any Member who is not physically present in the House chamber during the quorum call;

d.      Enjoining Defendant Johnson from counting the vote of any Member of the House

who is not physically present in the House chamber to cast his or her vote and from

entering on the Journal or publishing in the Congressional Record any such vote;

e.      Granting such other and further relief as this Court may deem just and proper.


May 2629, 2020                              Respectfully submitted,

                                           /s/ Charles J. Cooper
Elliot S. Berke, Bar No. 463300            Charles J. Cooper, Bar No. 248070
BERKE FARAH LLP                            Michael W. Kirk, Bar No. 424648
1200 New Hampshire Avenue, NW, Ste. 800    Harold S. Reeves, Bar No. 459022
Washington, DC 20036                       J. Joel Alicea, Bar No. 1022784
(202) 517-0585                             COOPER & KIRK, PLLC
eberke@berkefarah.com                      1523 New Hampshire Avenue, NW
                                           Washington, D.C. 20036
Adam P. Laxalt, Bar No. 1670779            (202) 220-9600
COOPER & KIRK, PLLC                        ccooper@cooperkirk.com
201 W. Liberty Street
Reno, NV 89501
(775) 502-1301
alaxalt@cooperkirk.com

                        *Counsel for Plaintiffs*

86

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 29, 2020, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, and I hereby certify that I have served the document on the

following by causing it to be mailed via First Class USPS Mail:

The Honorable Nancy Pelosi
Speaker of the United States
House of Representatives
1236 Longworth House Office Building
Washington, D.C. 20515

The Honorable Cheryl L. Johnson
Clerk of the
United States House of Representatives
U.S. Capitol
Room H154
Washington, D.C. 20515

The Honorable Paul D. Irving
Sergeant-at-Arms of the
United States House of Representatives
U.S. Capitol
Room H124
Washington, D.C.  20515

/s/ Charles J. Cooper
Charles J. Cooper
(DC Bar. No. 248070)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (facsimile)
ccooper@cooperkirk.com

*Attorney for Plaintiff*