IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN OWEN MCCARTHY, et al.,

               Plaintiffs,

v.

NANCY PELOSI, et al.

               Defendants.

Civil Action No. 20-1395-RC

**PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING
ON THEIR APPLICATION FOR A PRELIMINARY INJUNCTION
AND FOR ENTRY OF A PERMANENT INJUNCTION AND FINAL JUDGMENT**

    Pursuant to Local Rule 65.1(d), Plaintiffs respectfully request an expedited hearing on their pending application for a preliminary injunction and for entry of a permanent injunction and final judgment. *See* Doc. 8. Plaintiffs request that the hearing be set for June 19, 2020, the last day of the 21-day period set by Rule 65.1(d), to allow sufficient time for briefing.

    As described in Plaintiffs' memorandum in support of their application, *see* Doc. 8-1, this case concerns the constitutionality of House Resolution 965, which purports to authorize—for the first time in American history—the use of proxy voting in the United States House of Representatives. The text of the Constitution clearly requires that Members of Congress be *actually present* in the chamber of the House if they are to be counted toward satisfaction of the quorum constitutionally required for the House to do business and/or if they are to vote from the floor of the House. The constitutional history confirms this conclusion, as neither the House nor the Senate has *ever* permitted Members to assemble by proxy for the quorum requirement or to vote by proxy from the floor. And Supreme Court precedent further confirms the requirement of in-person attendance for purposes of a quorum and voting. H. Res. 965 is patently unconstitutional.

1

Expedited consideration of Plaintiffs' application is necessary because proxy votes have already been cast on the House floor on proposed legislation, and given the planned legislative calendar published by the House for the months of June and July, more proxy votes will be cast in the coming days and weeks. Each time a proxy vote is cast, irreparable harm is done to Plaintiffs and our constitutional fabric, since each proxy vote violates the Constitution and contravenes 231 years of constitutional practice. Moreover, there will be serious constitutional questions clouding the validity of any measure that may be passed by the House with the support of decisive proxy votes, and only this Court's expedited decision can prevent, or at least minimize, such uncertainty. The Court's window of time to adjudicate this case is also shortened because the initial proxy-voting period under H. Res. 965 lasts for 45 days, *see* H. Res. § 1(a)–(b)(1), and the Speaker of the House, Defendant Nancy Pelosi, designated a 45-day period beginning on May 20, 2020, and ending on July 4, 2020. *See* Press Release, Dear Colleague to All Members Announcing Remote Voting 'Covered Period' Due to Coronavirus Public Health Emergency, (May 20, 2020), https://bit.ly/2ZuEmdQ. Although H. Res. 965 authorizes the Speaker to extend a proxy-voting period for an additional 45 days if the Sergeant-at-Arms (Defendant Irving) notifies her that "the public health emergency due to a novel coronavirus remains in effect," *see* H. Res. 965 § 1(b)(2), it is unclear, at this time, whether Defendant Irving will so notify the Speaker or whether Defendant Pelosi will designate an extension of the proxy-voting period. Allowing the initial 45-day period to expire without a decision from this Court would raise difficult questions of mootness and potentially deprive Plaintiffs of relief from their ongoing injuries, with enormous implications for our constitutional structure. Plaintiffs therefore respectfully submit that the importance and time-sensitive nature of this case merits expedited consideration of their application.

Consistent with Local Rule 65.1(d), Plaintiffs believe that their application presents pure questions of law that may be—and should be—decided without live testimony, and because the House has been discussing the wisdom and legality of proxy voting for more than two months now, Defendants should not require more than the seven days that Local Rule 65.1(c) allots to them to respond to Plaintiffs' application and to prepare any dispositive motion that they may be inclined to file. Thus, Plaintiffs respectfully request that this Court enter an order setting the following schedule:

- June 5, 2020: Defendants shall file their response to Plaintiffs' application for a preliminary injunction and for entry of a permanent injunction and final judgment. Should Defendants decide to file a cross-motion to dismiss or for summary judgment, they shall file any such cross-motion by June 5, 2020, and their memorandum in support of their cross-motion shall be combined with their memorandum in opposition to Plaintiffs' application, with the combined memorandum not to exceed 60 pages.

- June 10, 2020: Plaintiffs shall file their reply in support of their application. If Defendants file a dispositive motion, Plaintiffs' reply shall be combined with their response to Defendants' motion, with the combined memorandum not to exceed 35 pages.

- June 15, 2020: Defendants shall file any reply in support of any dispositive motion, which shall not exceed 20 pages.

- June 19, 2020: Hearing on Plaintiffs' application, as well as any Defendant motion.

The schedule outlined above is consistent with the Local Civil Rules. Local Civil Rule 65.1(c) requires Defendants to file their response "within seven days after service of the application

for preliminary injunction," and Local Civil Rule 65.1(d) requires that, "[o]n request of the moving party together with a statement of the facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the Court no later than 21 days after its filing."

As required by Local Civil Rule 7(m), Plaintiffs have conferred in good faith with counsel for Defendants about this motion. Although Defendants and Plaintiffs have agreed as to the number of pages per brief proposed above, Defendants have instructed Plaintiffs to include the following statement: "Defendants oppose plaintiffs' scheduling motion, and anticipate filing their response to it by 5 p.m. on Saturday, May 30, 2020."

| | |
|---|---|
| May 29, 2020 | Respectfully submitted, |
| | /s/ Charles J. Cooper |
| Elliot S. Berke, Bar No. 463300 | Charles J. Cooper, Bar No. 248070 |
| BERKE FARAH LLP | Michael W. Kirk, Bar No. 424648 |
| 1200 New Hampshire Avenue, NW, Ste. 800 | Harold S. Reeves, Bar No. 459022 |
| Washington, DC 20036 | J. Joel Alicea, Bar No. 1022784 |
| (202) 517-0585 | COOPER & KIRK, PLLC |
| eberke@berkefarah.com | 1523 New Hampshire Avenue, NW |
| | Washington, D.C. 20036 |
| Adam P. Laxalt, Bar No. 1670779 | (202) 220-9600 |
| COOPER & KIRK, PLLC | ccooper@cooperkirk.com |
| 201 W. Liberty Street | |
| Reno, NV 89501 | |
| (775) 502-1301 | |
| alaxalt@cooperkirk.com | |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have served the document on the following by causing it to be mailed via First Class USPS Mail:

The Honorable Nancy Pelosi
Speaker of the United States
House of Representatives
1236 Longworth House Office Building
Washington, D.C. 20515

The Honorable Cheryl L. Johnson
Clerk of the
United States House of Representatives
U.S. Capitol
Room H154
Washington, D.C. 20515

The Honorable Paul D. Irving
Sergeant-at-Arms of the
United States House of Representatives
U.S. Capitol
Room H124
Washington, D.C.  20515

/s/ Charles J. Cooper
Charles J. Cooper
(DC Bar. No. 248070)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (facsimile)
ccooper@cooperkirk.com

*Attorney for Plaintiff*