**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE HONORABLE KEVIN OWEN MCCARTHY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE HONORABLE NANCY PELOSI, *et al.*, <br><br> *Defendants*. | Case No. 1:20-cv-01395-RC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING**

Defendants Speaker of the U.S. House of Representatives Nancy Pelosi, Clerk of the U.S. House of Representatives Cheryl L. Johnson, and Sergeant-at-Arms of the U.S. House of Representatives Paul D. Irving respectfully submit this opposition to Plaintiffs' Motion for an Expedited Hearing and proposed briefing schedule, *see* ECF No. 9, and request that the Court enter Defendants' alternative, yet still highly expedited, schedule outlined below.  Defendants' proposed schedule allows for prompt resolution of this matter, while giving the parties and the Court adequate time to brief and consider the serious threshold jurisdictional issues and novel merits questions raised by Plaintiffs' complaint, with due regard for the significance of each.

**BACKGROUND**

The unprecedented COVID-19 pandemic has killed more than 100,000 people in the United States and caused a global economic crisis.  *See, e.g.*, *South Bay United Pentecostal Church v. Newsom*, 590 U.S. —, No. 19A1044, slip op. at 1 (May 29, 2020) (Roberts, C.J., concurring in denial of application for injunctive relief) (COVID-19 is "a novel severe acute respiratory illness that has killed … more than 100,000 nationwide.  At this time, there is no

known cure, no effective treatment, and no vaccine.  Because people may be infected but asymptomatic, they may unwittingly infect others.").  In response, Congress swiftly enacted four bills that have become law to assist with the public health emergency: the Coronavirus Preparedness and Response Supplemental Appropriations Act, the Families First Coronavirus Response Act, the Coronavirus Aid, Relief and Economic Security (CARES) Act, and the Paycheck Protection and Healthcare Enhancement Act.  *See* H. Rep. No. 116-420, at 3 (2020).

Following these legislative actions, the House voted on May 20, 2020 to adopt a resolution that temporarily permits Members to vote remotely by proxy in a highly regulated way.  H. Res. 965, 116th Cong. (2020); *see* H. Rep. No. 116-420.  Under House Resolution 965, the Speaker of the House may authorize limited remote voting by proxy for a 45-day period upon notification from the Sergeant-at-Arms, in consultation with Congress's Attending Physician, a career Naval officer appointed by the President, that "a public health emergency due to a novel coronavirus is in effect."  H. Res. 965, § (1)(a)-(b).  House Resolution 965 further allows for adjustment of the length of the 45-day period to take account of the rapidly changing public health conditions.  *Id.*, § (1)(b)(2)-(3).  Critically, and as is always the case, House Resolution 965 requires that each voting Member is counted as one Member for quorum purposes, and each Member's vote is counted only once.  *Id.*, § 3(a)-(c).

The voting procedures in House Resolution 965 for Members who cannot be physically present but who have directed others to cast votes for them in specific and binding terms advance vital public health and safety imperatives and serve national needs.  These procedures permit the House to continue its critical work while avoiding the many dangers posed to the Members of the House (several of whom have tested positive for COVID-19 or have been required to self-quarantine due to potential exposure) that would result from gathering in House and Capitol

offices and spaces or undertaking travel that could further spread the novel coronavirus responsible for the pandemic.  *See* H. Rep. No. 116-420, at 2-7.

On May 26, 2020, twenty-one individual House Members who voted against House Resolution 965 and four constituents filed a 38-page, 136-paragraph complaint against the Speaker of the House, the Clerk, and the Sergeant-at-Arms, seeking to enjoin the voting procedures in House Resolution 965 on three constitutional grounds.  *See* ECF No. 1.  On May 29, Plaintiffs filed an 87-page, 287-paragraph amended complaint, adding over 100 new Member and constituent Plaintiffs, additional factual allegations, and another constitutional claim.  *See* ECF No. 7.  That same day, Plaintiffs filed a motion seeking the extraordinary relief of a preliminary injunction, as well as a permanent injunction.  *See* ECF No. 8.  Along with that motion, Plaintiffs filed a proposed schedule that would have the parties file, and the Court hear argument on, cross-motions for preliminary relief and final judgment—four briefs comprising up to 160 pages total—within 21 days.  *See* ECF No. 9.

Defendants hereby propose the following alternative expedited schedule for litigating Plaintiffs' May 29 motion for a preliminary and permanent injunction:

- June 19:   Defendants' opposition and cross-dispositive motion
- July 3:    Plaintiffs' reply and opposition
- July 10:   Defendants' reply[1]
- Argument to be held at the Court's earliest convenience.

---

[1] As Plaintiffs have noted, Defendants agree to the page limitations set forth in Plaintiffs' proposed schedule.  *See* ECF No. 9, at 3-4.

**ARGUMENT**

Plaintiffs' proposed schedule for litigating this matter to final judgment by June 19 is neither reasonable nor prudent under these circumstances.  Plaintiffs have not justified the extraordinary expedition that they seek.  House Resolution 965 preserves all Members' votes, ensuring that each Member is counted as one Member for quorum purposes, and that each Member's vote is counted as only one vote.

*First*, as evidenced by Plaintiffs' lengthy filings to date, the briefing here will need to cover several novel and complex constitutional issues raised by Plaintiffs.  Moreover, Plaintiffs' challenge to House Resolution 965 necessitates judicial consideration of several threshold justiciability issues that may preclude this Court from addressing the merits.  Among them, Plaintiffs' claims raise questions about Article III standing, ripeness, and immunities, including the absolute immunity under the Constitution's Speech or Debate Clause, U.S. Const., Art. I, § 6, cl. 1.

All of the parties agree that judicial economy will be served by briefing these jurisdictional and merits issues together and by combining consideration of Plaintiffs' requests for preliminary and final relief.  All parties also agree that expedition of this case is appropriate.  But in recognition of the important legal issues presented here, the parties should be afforded adequate time to prepare briefs that will assist the Court in its consideration of this case.

Defendants' proposed schedule, under which briefing would be completed in 42 days, is still highly expedited and would allow for prompt, careful briefing and resolution of the relevant issues.  Indeed, Defendants' schedule is substantially faster than that which another Judge on this Court entered for adjudicating cross-dispositive motions, on the parties' agreement, where the plaintiff initially sought only a preliminary injunction.  *See* Minute Order, *Committee on the*

*Judiciary v. McGahn*, No. 1:19-cv-2379 (D.D.C. Sept. 3, 2019) (adopting schedule for briefing cross-motions in 60 days). And under Defendants' proposed schedule, briefing on cross-motions would be complete well in advance of when Defendants' response to the complaint alone would be due under Federal Rule of Civil Procedure 12(a)(2).

*Second*, Plaintiffs' proposed expedited timeframe is not warranted by the circumstances of this case. Local Civil Rule 65.1(d) provides that, upon request of the moving party, "together with a statement of the facts which make expedition essential," the Court will hear an application for a preliminary injunction within 21 days. But the expedited schedule Plaintiffs have proposed is not "essential" here for several reasons. Plaintiffs have not merely moved for a preliminary injunction on this expedited timeframe; they seek to have the entire case litigated in that period. Rule 65.1(d)'s 21-day timeframe for hearing argument on preliminary injunction motions should not be used to force this Court to litigate an entire case to final judgment in three weeks.

Nor have Plaintiffs demonstrated any judicially cognizable injury, much less met the exacting standard for irreparable harm. Plaintiffs' injury claim hinges on the factually incorrect premise that under House Resolution 965, a Member in receipt of another's proxy is "*actually … voting for his or her own district multiple times.*" ECF No. 8, at 40. This is fundamentally wrong: each Member's vote is counted only once—and that vote, though communicated by a Member who can be physically in the Capitol, reflects the binding directive of the Member who cannot be physically present. H. Res. 965, § (3)(a)-(c).

Defendants also incorrectly assert that this case *must* reach final resolution during the current 45-day proxy-voting period. If legislation that is the product of the procedures in House Resolution 965 were to ultimately become law, a plaintiff with a judicially cognizable injury could at that time bring a claim against a proper party. Given that it is not "essential" for this

matter to be fully and finally resolved within 21 days, the Court is best served by permitting a reasonable schedule that allows for the prompt but appropriately deliberative treatment of the important and novel issues in this case.

## **CONCLUSION**

For the reasons stated above, the Court should deny Plaintiffs' Motion for an Expedited Hearing and adopt Defendants' proposed briefing schedule. In the alternative, and as the Court deems necessary, Defendants request that the Court convene a status conference to discuss the course of this litigation.

> Respectfully submitted,
>
> */s/ Douglas N. Letter*
> Douglas N. Letter (D.C. Bar No. 253492)
>    *General Counsel*
>
> Office of General Counsel[*]
> U.S. House of Representatives
> 219 Cannon House Office Building
> Washington, D.C. 20515
> (202) 225-9700
> douglas.letter@mail.house.gov
>
> *Counsel for Defendants*

May 30, 2020

---

[*] Attorneys for the Office of General Counsel for the U.S. House of Representatives are "entitled, for the purpose of performing the counsel's functions, to enter an appearance in any proceeding before any court of the United States or of any State or political subdivision thereof without compliance with any requirements for admission to practice before such court." 2 U.S.C. § 5571.